IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

C&J Associates Pest Control,

CURTIS DUNCAN

Plaintiff,

VS.

CASE NO. 2:06-CV-884-MEF

BOB RILEY
DRAYTON NABERS
JAMES MAIN
TROY KING
KATHY SAWYER
COURTNEY TARVER
JUNE LYNN
JUDY COBB
RAY BRESSLER
JOHN BLOCH
JOE DEBROW
BRUCE ALVERSON
LINDA SHELTON
KNOX PEST CONTROL
et al.,
DEFENDANTS

**DEMAND FOR JURY TRIAL**

COMPLAINT

A.  JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343 (3) (4).   This action is authorized by Title 42 U.S.C. 1981, 1983, 1985, 1986 seeking to restrain the defendants, their servants, agents, employees, successors and anyone acting in concert and participation with them from depriving plaintiff, under color of state law, statute, ordinance, regulation, custom or usage, of rights, privileges,

and immunities secured by the Constitution and Statutes of the United States.

2. Jurisdiction of this Court is also invoked pursuant to the provisions of Title 28 U.S.C., 1331(3) (4) This action seeks to redress the deprivation of rights secured under the First and Fourteenth Amendments of the Constitution of the United States. The amount in controversy exceeds the sum or value of Ten Thousand (10,000.00) Dollars exclusive of interest and cost.

B.  PARTIES

3. The named plaintiff is black citizen of the United States and of the State of Alabama and is over the age of nineteen years. Plaintiff resides in Montgomery County, Alabama. Plaintiff has performed Pest Control Services for twenty six years. Plaintiff is sole proprietor of C & J Associates Pest Control.

4. The defendant Bob Riley is Governor of Alabama. He is named individually and in his official capacity.

5. The defendant Troy King is Attorney General of Alabama. He is named individually and in his official capacity.

6. The defendant Drayton Nabers was Finance Director of Alabama before being appointed as Chief Justice of the Alabama Supreme Court. He is named individually and in his official capacity.

7. The defendant James Main is Finance Director of Alabama. He is named individually and in his official capacity.

8. The defendant Troy King is Attorney General of Alabama. He is named individually and in his official capacity.

9. The defendant Kathy Sawyer was Commissioner of Mental Health and Mental Retardation. She is named individually and in her official capacity.

10. The defendant Courtney Tarver is Deputy Attorney General & General Counsel of Mental

Health & Mental Retardation. He is named individually and in his official capacity.

11. The defendant June Lynn is Advisory Attorney and Executive Assistance to the Associate Commissioner for Administration for Mental Health and Mental Retardation. She is named individually and in her official capacity.

12. The defendant Judy Cobb was Director of Purchasing for Mental Health and Mental Retardation. She is named individually and in her official capacity.

13. The defendant Ray Bressler is a Buyer for Purchasing for Mental Health and Mental Retardation. He is named individually and in his official capacity.

14. The defendant John Bloch is the Director of the Pesticide Regulatory Division for the Agriculture Department. He is named individually and in his official capacity.

15. The defendant Joe Debrow is Assistant Director of the Pesticide Regulatory Division for the Agriculture Department. He is named individually and in his official capacity.

16. The defendant Bruce Alverson is owner of Bruce Alverson Consultant, Inc. and serves as Pest Control Consultant for Mental Health and Mental Retardation.

17. The defendant Linda Shelton is Sales Representative for Knox Pest Control.

18. The defendant Knox Pest Control is corporation that performs pest control services.

C.  NATURE OF ACTION AND FACTUAL ALLEGATIONS

19. This action is brought by the plaintiff because Mental Health officials and their Consultant Bruce Alverson and Agricultural officials conspired and illegally canceled plaintiff's pest control contract with Mental Health that was bidden under the Alabama Competitive Bid Law 41-16-20. The Defendants advertised and exposed bid prices for a fraudulent Proposal Pest Control Services for Mental Health and Retardation under the guise that it was a Proposal. Plaintiff protested orally and in writing to the defendants about their illegal actions, before plaintiff contract was cancelled and before the illegal

Proposal was opened and prices exposed. The defendants knowingly and willingly violated 41-16-20 and 41-16-51 in order to ensure that plaintiff would be under bidden by his competitors at a later bid. Plaintiff submitted documentation of his oral and written protests of Mental Health officials, their Consultant Bruce Alverson and Agricultural officials' improprieties to the Governor Bob Riley, Finance Directors Drayton Nabers and James Main and the Attorney General Troy King. Defendants Riley, Nabers, Main, and King have the statutory duty to ensure that State Officials obey State laws and Purchasing Policies.

This contract importantly involves Federal Funds which pays for the pest control services for Mental Health and Mental Retardation. The Defendants in their individual capacity intentional went beyond the scope of their official and ministerial duties under the color of state law to violate Plaintiff Constitutional Rights in the 14th Amendment to Equal Protection Clause and Civil Rights under 42 U.S.C. 1981, 1983, 1985, 1986 by participating in a conspiracy to deprive Plaintiff of his ability to make and enforce a contract with Mental Health and Mental Retardation perform Pest Control Services. Defendants failed to perform their ministerial duties. Defendants are liable in their individual capacity for monetary damages because they were operating beyond the scope of their duties, by knowingly violating the State Competitive Bid Law, Purchasing Policies, Bid Specifications and violating plaintiff constitutional and civil rights. Plaintiff is suing the Defendants in their official capacity because the Court has the ability to issue an order to compel the Defendants to perform their ministerial duties to reinstate or award Plaintiff the Pest Control Contract that was illegally taken from after bid prices were exposed. Defendants in their individual capacity do not enjoy the privilege of sovereign immunity from lawsuits, when they operate beyond the scope of the duties. Plaintiff believes this lawsuit can be decided by the court on the abundance of direct evidence and by the prima facie evidence that can found through the discovery process in the Defendants files and records. Plaintiff requests a trial by jury.

COUNT ONE

RACE DISCRIMINATION; VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION EQUAL PROTECTION CLAUSE; VIOLATION OF 42 U.S.C. 1981 AND THE CIVIL RIGHT ACT OF 1991

20. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-13 above, the same as if more fully set forth herein and further alleges that the Defendants Bob Riley, Drayton Nabers, James Main, Kathy Sawyer, Courtney Tarver June Lynn, Judy Cobb, Ray Bressler, John Bloch, Joe Debrow Bruce Alverson, Linda Shelton, Knox Pest Control actions have violated Plaintiff federal constitutional right of the 14th Amendment to enjoy equal protection of the law and civil rights to be free of race discrimination in Competitive Bid Contracting.

21. This count is brought for damages and other relief under 42 U.S.C. 1981 for Defendants Riley, Nabers, Main, Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, Alverson, Shelton, Knox Pest Control violation of Plaintiff rights to make and enforce a Pest Control contract with Mental Health and Mental Retardation. Defendants impaired Plaintiff ability to enjoy all benefits, priviledges, terms and conditions of a contractual relationship rights afforded to white vendors. Defendants impaired Plaintiff ability to make, perform, modify and termination of contract under the same rights afforded white vendors.

22. Defendants Judy Cobb, Ray Bressler were responsible for the preparation and distribution of invitation to bid #03-X-8002278 for pest control services for Mental Health and Mental Retardation. This contract was still in the first year, effective until July 22, 2004 with two renewable years left. Defendants Cobb, Bressler never issued a 30-day cancellation for this contract as required by the specification.

23. Defendants Sawyer, Tarver, Lynn, Bloch, Debrow, Alverson, were responsible for the preparation and distribution of the illegal Proposal for Pest Control Services issued during the month of May 2004, due to opened on June 25 2004. Plaintiff contract #03-X-8002278 was still effective until

July 22, 2004

24. Plaintiff immediately protested this illegal Proposal for Pest Control Services orally and in writing during the months of May and June 25, 2004.

25. Defendant Commissioner Kathy Sawyer wrote a letter on May 25, 2004 to Defendant Nabers
that Defendant John Bloch and his Pesticide Division at Agriculture Department, Bruce Alverson their Pest Control Consultant advised Mental Health to contract pest control services through the use of request for proposal.

26. Defendants Finance Director Drayton Nabers and Attorney Troy King issue an opinion on June 11, 2004 that pest control services is not a professional service be contracted by Proposals and must be bid under the State Competitive Bid Law 41-16-20.

27. Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, and Alverson still proceeded to solicit pest control services for the illegal Proposals due by June 25, 2004. Mental Health officials from the various state-wide facilities and Defendant Alverson the Pest Control Consultant who had/have a business relationship with Knox Pest Control evaluated the proposals for several weeks and exposed the bid prices to my competitors.

28. Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, and Alverson ignored Plaintiff protest and knowing and willing violated Defendants Nabers and King opinion issues on June 11, 2004 and the Competitive Bid Law 41-16-20.

29. Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, Alverson obtained from the evaluation of the bids that Plaintiff was a black minority owned vendor and was the lowest responsible bidder. The Defendants knew that Plaintiff was more qualified than the other bidder and specifically Defendant Linda Shelton and Knox Pest Control because Plaintiff possessed a Lawns & Ornamental License. This license is

required by State Law to treat the entire grounds outside buildings, and Defendant Barton and Knox Pest Control did not possess this license. Therefore, Plaintiff bid was more advantageous to Mental Health and Mental Retardation. The Defendants refused to award the contract to Plaintiff based solely on their intent to discriminate against Plaintiff because of his race.

30. Defendant James Main the Finance Director who replaced Drayton Nabers issued a second opinion on July 21, 2004 after Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, and Debrow violated Nabers and King opinion issued on June 11, 2004 and the Competitive Bid Law 41-16-20.

31. Defendant Sawyer issue a letter on July 23, 2004 stating that the illegal proposal will have to be competitively bidden out in accordance with 41-16-21.

32. Plaintiff submitted a protest letter to Defendants Sawyer, Cobb dated September 9, 2004 protesting the new Invitation to Bid #04-X-6038553 due to be opened on September 10 2004. A copy of this protest was given to Defendant Riley, Nabers, Main and King these defendants failed to correct the improprieties of Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, Alverson.

33. Plaintiff submitted a protest letter to Defendants Sawyer dated September 15, 2004 concerning improper cancellation of Plaintiff contract. Plaintiff went to the bid opening for # 04-X-6038553 on September 10, 2004 without knowledge that plaintiff contract was illegally cancelled on September 8, 2004. Plaintiff received cancellation letter on September 14, 2004 without a 30-day notice. Plaintiff sent Defendants Riley, Nabers, Main and King a copy of the protest these defendants failed to correct the improprieties of Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, Alverson.

34. Plaintiff submitted a protest letter to Defendants Sawyer, Cobb on September 21, 2004 Sawyer dated September 21, 2004 concerning Defendant Bresseler failure to disqualify Knox Pest Control at the bid opening for not submitting a current icense/Permit as required by the bid specifications. Defendants Linda Shelton and Knox Pest Control

ibmitted an expired permit dated March 28, 2004. Plaintiff sent a copy of this protest to Defendants Riley, Nabers, Main and King they failed to correct the improprieties of Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, Alverson.

35. Defendants Shelton, Knox Pest Control and Bloch were allowed to submit fraudulent documents

stating that Trinidad J. Villegas permit/license were current after the bid opening. Plaintiff sent a copy of this protest letter to Defendants Riley, Nabers, Main King they failed to correct the improprieties of Defendants Sawyer, Tarver, Lynn, Cobb, Bressler, Bloch, Debrow, Alverson.

36. Plaintiff called Defendants Bressler on October 1, 2004 find out the results of the ITB#04-X-

6038553. Defendant Bresseler informed Plaintiff they rewarded the majority of the contracts to Know Pest Control.

37. As a proximate cause of the Defendant's actions, Plaintiff has been injured and damaged. As set

forth in paragraphs above.

## COUNT TWO

### RACE DISCRIMINATION; VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION EQUAL CLAUSE; VIOLATION OF 42 U.S.C. 1983 AND THE CIVIL RIGHTS ACT OF 1991

38. Plaintiff repeats, realleges, and incorporates by references paragraph 1-37 above, the same as if more fully set forth herein, and further alleges that the Defendants Riley, Nabers, Main, King, Sawyer Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control actions have violated Plaintiff federal constitutional right to the 14th Amendment to enjoy equal protection of the law and civil rights to be free of race discrimination in Competitive Bid Contracting under the color

of state law.

39. This count is brought for damages and other relief under 42 U.S.C. 1983 for Defendants Riley, Nabers, Main, King, Sawyer Tarver, Lynn Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control violation of Plaintiff rights to make and enforce a pest control contract with Mental Health. Defendants impaired Plaintiff ability

to enjoy all benefits, priviledges, terms and conditions of a contractual relationship rights afforded to white vendors. Defendants impaired Plaintiff ability to make, perform, modify and termination of contract under the same rights afforded white vendors. Defendants' violation of Plaintiff rights was committed under the color of state law.

40. As a proximate cause of the Defendant's actions, Plaintiff has been injured and damaged, as set forth in paragraphs above.

## COUNT THREE

### RACE DISCRIMINATION; VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION CLAUSE; VIOLATION OF 42 U.S.C. 1985 AND THE CIVIL RIGHT ACT OF 1991

41. Plaintiff repeats, realleges, and incorporates by references paragraphs 1-40 above, the same as if more fully set forth herein and further alleges that the Defendants Riley, Nabers, Main, King, Sawyer Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control actions have violated Plaintiff federal constitutional right of

the 14th Amendment to enjoy equal protection of the law and civil rights to be free of race discrimination in Competitive Bid Contracting.

42. This count is brought for damages and other relief under 42 U.S.C. 1985 for the acts of the Defendants Riley, Nabers, Main, King, Sawyer

Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control who in concert conspired

under the color of state law, to violate Plaintiff rights to make and enforce a pest control contract with Mental Health.

Defendants impaired Plaintiff ability to enjoy all benefits, priviledges, terms and conditions of a contractual relationship rights afforded to white vendors. Defendants impaired Plaintiff ability to make, perform, modify and termination of contract under the same rights afforded white vendors.

43. As approximate cause of the Defendant's actions, Plaintiff has been injured and damaged, as set forth in the paragraphs above.

## COUNT FOUR

### RACE DISCRIMINATION; VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION CLAUSE; VIOLATION OF 42 U.S.C. 1986 AND THE CIVIL RIGHT ACT OF 1991

44. Plaintiff repeats, realleges, and incorporates by references paragraphs 1-43 above, the same as if more full set forth herein and further alleges that the Defendants Riley, Nabers, Main, King, Sawyer Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control actions have violated Plaintiff federal constitutional right of the 14th
Amendment to enjoy equal protection of the law and civil rights to be free of race discrimination in Competitive Bid Contracting.

45. This count is brought for damages and other relief under 42 U.S.C. 1986 for the acts of the Defendants Riley, Nabers, Main, King, Sawyer

Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control who in concert intentional chose to further the conspiracy

initialed by Defendants, even after Plaintiff exposed Defendants improprieties and racial bias to them. Defendants who in concert conspired under the color of state law, in violation of Plaintiff rights to make and enforce a pest control contract with Mental Health. Defendants impaired Plaintiff ability to enjoy all benefits, privileges, terms and conditions of a contractual relationship rights afforded to white

vendors. Defendants impaired Plaintiff ability to make, perform, modify and termination of contract under the same rights afforded white vendors.

46. As a proximate cause of the Defendant's actions, Plaintiff has been injured and damaged, as forth in paragraphs above.

## COUNT FIVE

### RACE DISCRIMINATION; VIOLATION OF THE 14TH AMENDMENT EQUAL PROTECTION CLAUSE; 1ST AMENDMENT FREEDOM OF SPEECH; RETALIATION; VIOLATION OF 42 U.S.C. 1983 AND THE CIVIL RIGHT ACT OF 1991

47. Plaintiff repeats, realleges and incorporates by references paragraphs 1-46 above, the same as if more full set forth herein and further alleges that Defendants Riley, Nabers, Main, King, Sawyer Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control actions have violated Plaintiff federal constitutional right of the 1st Amendment

Freedom of Speech and 14th Amendment Equal Protection Of The Law.

48. This count is brought for damages and other relief under 42 U.S.C. 1983 for Defendants Riley, Nabers, Main, King, Sawyer

Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control,

Hammonds, Morris, Alexander violation of Plaintiff rights to voice his Freedom of Speech concerning Public Health issues without the fear of retaliation.

    49. As a proximate cause of Defendant's actions, Plaintiff has been injured and damaged, as set forth

in paragraphs above.

## COUNT SIX

### VIOLATION OF STATE OF ALABAMA COMPETITVE BID LAWS SECTION 41-16-50, 41-16-63; MENTAL HEALTH BOARD PURCHASING POLICIES AND BOARD OF EXAMINATERS ESTABLISHED PROCEDURES

50. Plaintiff repeats, realleges, and incorporates by references paragraphs 1-49 above, the same as if more full set herein and further alleges that the Defendants Riley, Nabers, Main, King, Sawyer Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control actions violated the State Competitive Bid Law, Mental Health Purchasing Policies and Board of Examiners Established Procedures.

51. This count is brought for damages and other relief for the acts of the Defendants Riley, Nabers, Main, King, and Sawyer Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control who intentional violated State Competitive Bid Law 41-16-50, 41-16-63, Mental Health Purchasing policies and Board of Examiners Established Procedures.

52. As a proximate cause of the Defendant's actions, Plaintiff has been injured and damaged, as set forth in paragraphs above.

## COUNT SEVEN

### VIOLATION INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS AND CONSPIRACY

53. Plaintiff repeats, realleges, and incorporates by references paragraphs 1-52 above, the same as if more full set herein and further alleges that the Defendants Riley, Nabers, Main, King, Sawyer Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control actions have violated State Tort Law.

This count is brought for damages and other relief for the acts of the Defendants Riley, Nabers, Main, King, Sawyer, Tarver, Lynn, Cobb, Bresseler, Bloch, Debrow, Shelton, Knox Pest Control intentional interference with Plaintiff pest control contract with Mental Health.

54. As a proximate cause of the Defendant's actions. Plaintiff has been injured and damaged. As set forth in paragraphs above.

## PRAYER OF RELIEF

WHEREFORE, Plaintiffs respectfully pray:

1. That this Court set a prompt hearing on Plaintiffs' Complaint, to hear the direct evidence of Defendants' bias and discriminatory actions against plaintiff that have deprived plaintiff of his guaranteed Rights under the First Amendment and the Fourteenth Amendment to the Constitution of the United States, to Title 42 U.S.C. 1981, 1983, 1985, 1986 and the 1964 and 1991 Civil Rights Act.

2. Issuing an order requiring defendants to pay plaintiff his costs in this action.

3. Issuing such other further relief to which plaintiff may show he to be justified entitled, or which the Court may consider appropriate.

4. Issuing an order to eliminate all the defendants' bias and discriminatory effects.

5. Issuing an order to reinstate plaintiff contract.

### A TRIAL BY JURY IS REQUESTED

Respectfully submitted on this October 1, 2006

_/s/ Curtis Duncan_ 10-1-06

Curtis Duncan
Plaintiff, Pro Se

C&J Associates, Pest Control
P.O. Box 8186
Montgomery, AL 36110
Phone: 334-~~~~~~~~
Fax: 334-~~~~~~~~ 467-6432

*[signature]* Curtis Duncan  10-1-06

Curtis Duncan
Plaintiff, Pro Se