| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-884-MEF |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| Defendants. ) | |

# MOTION TO DISMISS

COMES NOW John Bloch, and Joe Debrow, sued in both their official and individual capacities, and move this Honorable Court pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure to dismiss all the claims against them based on the following grounds:

    1) The Plaintiff's claims are barred by the statute of limitations.

    2) The Plaintiff has failed to state a claim against the Defendants upon which relief can be granted.

Wherefore, the above stated grounds considered, John Bloch and Joe Debrow requests that this Honorable Court enter a judgment in their favor dismissing all the Plaintiff's claims against them.

Done this 17th day of November 2006.

                                      Respectfully submitted,

                                      TROY KING
                                      ATTORNEY GENERAL

                                      **s/Robert J.Russell**
                                      Robert J. Russell
                                      RUSO12
                                      Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| State Finance Department | Linda Shelton |
| Richard Cater, Esq. | Knox Pest Control |
| 600 Dexter Avenue | 1570 N. Eastern Blvd. |
| Montgomery, Alabama  36130 | Montgomery, Al 36117 |
| | |
| Bill Garrett, Esq. | Scott Rouse, |
| | Deputy Legal Advisor |
| Ben Albritton, Esq. | Office of the Governor |
| Office of the Attorney General | State Capitol |
| 11 South Union Street | Montgomery, Al 36130 |
| Montgomery, Alabama  36130 | |

and mailed a true and correct copy by U. S. Mail, postage prepaid to the following:

Curtis Duncan
C. & J. Associates Pest Control
P.O. Box 8186
Montgomery, Ala 36110


　　　　　　　　　　　　　　　　　　s/Robert J.Russell
　　　　　　　　　　　　　　　　　　Robert J. Russell
　　　　　　　　　　　　　　　　　　RUSO12
　　　　　　　　　　　　　　　　　　Assistant Attorney General


ADDRESS OF COUNSEL:
Alabama Dept. of Agriculture & Industries
1445 Federal Drive
Montgomery, Alabama  36107-1123
(334) 240-7118 Phone
(334) 240-7192 Fax

robert.russell@agi.alabama.gov

Case 2:06-cv-00884-MEF-WC    Document 32    Filed 11/17/2006    Page 4 of 11

Case 2:06-cv-00884-MEF-WC   Document 32   Filed 11/17/2006   Page 5 of 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| C&J ASSOCIATES PEST CONTROL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-884-MEF |
| | ) | |
| BOB RILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF SUPPORTING MOTION TO DISMISS**

COMES NOW John Bloch, and Joe Debrow, sued in both their official and individual capacities, by and through the undersigned counsel, and submits the following brief in support of their Motion to Dismiss, filed contemporaneously herewith.

**Claims are Barred by the Statute of Limitations**

The statute of limitations for Plaintiff's claim is two years. See Jones v R.R. Donnelly & Sons Co., 541 U. S. 369, 371 (2004); Dooley v Automation USA Corp., 218 F. Supp.2d 1270, 12778 (N.D. Ala 2002); Hithon v. Tyson Foods, Inc. 144 Fed Appx. 795,798-99 (11th Cir.2005); Ala. Code Section 6-2-38; also see Lufkin v McCallum, 956 F.2nd 1104, 1105 (11th Cir. 1992) (l); Trawinski v. United Technologies, 313 F.3rd 1295, 1298 (11th Cir. 2002). The Statute of limitations begins to run when the discriminatory act occurs, which from the claims, occurred many times prior to the last date mentioned in the complaint (October 1, 2004). Defendants Bloch and Debrow were served on October 5, 2006, and given the prior occurrences, were filed outside the two-year limitations period stated in Section 6-2-38(1) of the Alabama Code. Consequently,

**Plaintiff's claims are due to be dismissed as untimely because they were brought outside the limitations period which began when Plaintiff should reasonably have discovered the injury.**

## Plaintiff Fails to State a Claim

Jurisdiction of this court is invoked pursuant to 28 U.S.C 1343 (3) (4). This action is authorized by Title 42 U.S.C., 1981, 1983, 1985, 1986 seeking to restrain the defendants, their servants, agents, employees, successors and anyone acting in concert and participation with them from depriving plaintiff, under color of state law, statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured by the Constitution and Statutes of the United States. Jurisdiction is also invoked pursuant to the provisions of Title 28 U.S.C. 1331 (3) (4).

As to these Defendants, this is essentially a conspiracy claim alleging that two employees of the State Department of Agriculture and Industries, in their individual and official capacities, acted outside the scope of their employment and failed to perform their ministerial duties because of racial bias and preference for a white vendor and by conspiring and deciding to find a way not to award the contract to Plaintiff. The Defendant claims the Plaintiff has failed to state a claim upon which relief can be granted pursuant to the FRCP 12 (b)(6) in that allegations are vague, indefinite, unsupported by specific factual allegations, ie, plaintiff fails generally to state the what, when, where, why, and how of the offenses claimed and has over-generalized in his characterization of the offenses claimed as "improprieties and racial bias", and then does nothing

more than assert that a conspiracy exists. See <u>Denney v. City of Albany</u>, 247 F.3d 1172, 1190 (11th Circuit Cir. 2001). See <u>Fullman v. Graddick,</u> 739 Fed 2d 553, 557 (11th Cir, 1984). In deciding whether a complaint states a claim, the court must accept all well-pleaded facts as true and draw all inferences in the plaintiff's favor. Oladeinde v. City of Birmingham, 963 F2nd 1481, 1485 (11th Cir. 1992). However, a court may not assume that a plaintiff can prove facts that he has not alleged or that a defendant has violated laws in ways that have not been alleged in the complaint. Beck v. Interstate Brands Corp., 953 F 2nd 1275, 1276 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. Ltd v. Jaharts, 297 F. 3rd 1182, 1188 (11th Cir. 2002). Mere statements contained in the complaint that plaintiffs were not awarded a contract to perform pest control services for the Alabama Department of Mental Health because of their race are insufficient to survive the motions to dismiss filed by Defendants Bloch and Debrow. Wherefore, this Defendant Bloch and Debrow prays this court to enter a judgment dismissing all claims against them.

Done this 17th day of November, 2006.

                                      Respectfully Submitted,

                                      **s/Robert J. Russell**
                                      Robert J. Russell
                                      RUS012
                                      Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard Cater, Esq.  
State Finance Department  
State Capitol  
600 Dexter Avenue  
Montgomery, Alabama  36130

Scott Rouse, Deputy Legal Advisor  
Office of the Governor  
State Capitol  
Montgomery, Alabama  36104

Bill Garrett, Esq.  
Ben Albritton, Esq.  
Office of the Attorney General  
11 South Union Street  
Montgomery, Alabama  36130

Linda Shelton  
Knox Pest Control  
1570 N. Eastern Blvd.  
Montgomery, Alabama  36117

and mailed a true and correct copy by U. S. Mail, postage prepaid to the following:

Curtis Duncan  
C. & J. Associates Pest Control  
P.O. Box 8186  
Montgomery, Ala 36110

 **s/Robert J.Russell**  
Robert J. Russell  
RUSO12  
Assistant Attorney General

ADDRESS OF COUNSEL:  
Alabama Dept. of Agriculture & Industries  
1445 Federal Drive  
Montgomery, Alabama  36107-1123  
(334) 240-7118 Phone  
(334) 240-7192 Fax  
robert.russell@agi.alabama.gov

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL


        <u>s/Robert Jackson Russell, Sr.</u>
        Robert Jackson Russell, Sr.
        Assistant Attorney General


ADDRESS OF COUNSEL:
Alabama Dept. of Agriculture & Industries
1445 Federal Drive
Montgomery, Alabama  36107-1123
(334) 240-7118 Phone
(334) 240-7192 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard Cater, Esq.
State Finance Department
State Capitol
600 Dexter Avenue
Montgomery, Alabama  36130

Scott Rouse, Deputy Legal Advisor
Office of the Governor
State Capitol
Montgomery, Alabama  36104

Bill Garrett, Esq.
Ben Albritton, Esq.
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130

Linda Shelton
Knox Pest Control
1570 N. Eastern Blvd.
Montgomery, Alabama  36117

and mailed a true and correct copy by U. S. Mail, postage prepaid to the following:

Curtis Duncan
C. & J. Associates Pest Control
P.O. Box 8186
Montgomery, Ala 36110