IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-884-MEF |
| | ) |
| BOB RILEY, et al., | ) |
| | ) |
|     Defendants. | ) |

## MOTION TO DISMISS

COME NOW Defendants Attorney General Troy King, Kathy Sawyer, Courtney Tarver, June Lynn, Judy Cobb and Ray Bressler, sued in both their official and individual capacities, and move this Honorable Court, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to enter a judgment dismissing all the Plaintiff's claims against them on the following grounds1:

    1) The Plaintiff has failed to state a claim against the Governor upon which relief can be granted;

    2) The Plaintiff's claims are barred by the statute of limitations;

    3) The Plaintiff's claims under federal law against these defendants in their official capacity are barred by Eleventh Amendment immunity;

    4) The Plaintiff's claims under state law against these defendants in their official capacity are barred by sovereign immunity;

    5) The Plaintiff's claims under federal law against these defendants in their individual capacity are barred by qualified immunity;

6) The Plaintiff's claims under state law against these defendants in their individual capacity are barred by State-agent immunity;

7) The Plaintiff's claims against these defendants for declaratory and injunctive relief are nonjusticiable; and

8) The Plaintiff's claim for damages under the state competitive bid law are prohibited as a matter of law.

9) There has been no proper service of process by Plaintiff against these defendants.

10) Attorney General King is apparently included in the complaint only to allege that he either conspired against or failed to intervene on behalf of the Plaintiff. The Plaintiff is attempting to hold the Governor vicariously liable. Attorney General King cannot be held liable on the basis of respondeat superior or vicarious liability. See, *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999).

11) As the Court is aware, there is a "heightened pleading" requirement for section 1983 claims, especially those for which qualified immunity is raised as a defense. See *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003). As the Eleventh Circuit has held, "[i]n civil rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, in reviewing a motion to dismiss in a section 1983 case, a court "need only accept 'well-pleaded facts' and 'reasonable inferences drawn from those facts.'" *Gonzalez*, 325 F.3d at 1235 (quoting *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir.

1992)). "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" 325 F.3d at 1235 (quoting *Marsh v. Butler County,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)). Moreover, the courts "'generally accord . . . official conduct a presumption of legitimacy.'" 325 F.3d at 1235 (quoting *United States Dep't of State v. Ray,* 502 U.S. 164, 179 (1991)). The Plaintiff's claims against these defendants do not meet this heightened standard.

12) Plaintiff's complaint was filed too late. Plaintiff filed this lawsuit on October 1, 2006. From the Face of the complaint, the wrongful acts alleged occurred between May and September of 2004. See Pl.'s Compl., ¶¶ 23-28, 30-34. The latest date mentioned in the complaint is October 1, 2004. See Pl.'s Compl., ¶ 36. On that date, exactly two years prior to the commencement of this action, the Plaintiff says he called Defendant Bressler, who allegedly informed him that a majority of the pest control contracts that were awarded had *already* been given to Knox Pest Control. See id. Thus, even in a light most favorable to Plaintiff, the face of the complaint makes it clear that any wrongdoing would have occurred at least two years before the Plaintiff commenced this lawsuit. The statute of limitations for all the Plaintiff's claims is two years. See ALA. CODE § 6-2-38(l) (2005) (prescribing a two-year residual statute of limitations for non-contractual personal injury actions, including the state-law claims asserted in Counts Six and Seven of the Plaintiff's complaint); see also *Owens v. Okure,* 488 U.S. 235, 249-50 (1989) (a state's residual statute of limitations generally applies to claims brought under the Federal Civil Rights Act); *Hiton v. Tyson Foods, Inc.,* 144 Fed. Appx. 795, 798 (11th Cir. 2005) (claims arising under provisions of section 1981

that preexisted that statute's 1991 amendment are subject to two-year limitations period in Alabama); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("the two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions in Alabama"); *Trawinski v. United Technologies*, 1313 F.3d 1295, 1298-99 (11th Cir. 2002) (two-year limitations period applies to section 1985 claims). Under federal law, a cause of action accrues, and thereby sets the limitations clock running, when a plaintiff first knows or should know of his injury and who caused it. See *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing *Mullinax v. McElhenny*, 817 F.2d 711, 716 (11th Cir. 1987)). The standard is similar but somewhat different under state law, which dictates that a cause of action accrues whenever a plaintiff first sustains legal injury. *See Ex parte Floyd*, 796 So. 2d 303, 308 (Ala. 2001).

13) Plaintiff's claims, if any, arose before he was allegedly told on October 1, 2004, that Mental Health had not awarded him a contract for pest control services. The fact that Plaintiff alleges he was told on October 1, 2004, that he had not won a contract, demonstrates that the alleged injury itself had already been inflicted by that time. Plaintiff also alleges many injuries that supposedly occurred well before October 1, 2004. Throughout his factual allegations, the Plaintiff repeatedly asserts that the various defendants had already initiated an illegal bidding process that violated his civil rights. See Pl.'s Compl., ¶¶ 22-23, 25-31. From the face of the complaint it is clear that the Plaintiff was aware of the alleged injuries, because he submitted letters of protest to the various defendants on multiple occasions, all *before* October 1, 2004. See Pl.'s Compl., ¶¶ 24, 32-34.

Thus, the Plaintiff first became injured and aware of that injury before October 1, 2004.

14) The Plaintiff has sued these defendants in both their official and individual capacities. The Plaintiff's official-capacity claims must be considered to be against the State itself. This affords these defendants Eleventh Amendment immunity; the state need not actually be named as a party for such immunity to be available. See *Williams v. Bennett*, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, the Plaintiff's federal claims for damages against these defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

15) The Plaintiff's state-law claims against these defendants in their official capacities are similarly barred by the State's sovereign immunity, as is bestowed by Article I, section 14 of the Alabama Constitution of 1901. In *Haley v. Barbour County*, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d 783, 788 (Ala. 2004) (citing *Lyons v. River Road Constr., Inc.,* 858 So. 2d 257, 261 (Ala. 2003), and *Mitchell v. Davis,* 598 So. 2d 801, 806 (Ala. 1992)). Thus, the Plaintiff's claims under state law for damages against these defendants in their official capacities are barred by sovereign immunity and should be dismissed.

16) To the extent these defendants have been sued under federal law in their individual capacities, they are entitled to qualified immunity. The basic test for qualified immunity was stated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). "[G]overnment officials performing discretionary functions generally are shielded

from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages, it is a bar to suit. *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See *Hansen v. Soldenwagner,* 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject to suit for every move they make. This would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. *Mitchell*, 472 U.S. at 525-26; see also *Hunter v. Bryant*, 502 U.S. 224, 229 (1991); *Burrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

17) These defendants deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon the Plaintiff to show that these defendants violated "clearly established constitutional law" in their dealings with him. See Zeigler *v. Jackson,* 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense).

Therefore, the Plaintiff's federal claims against these defendants in their individual capacities should be dismissed.

18) In Counts Six and Seven of the complaint, the Plaintiff asserts state-law claims against these defendants based on his broad and unsupported contention that there were violations of the competitive bid law and tortious interference with the Plaintiff's business. See Pl.'s Compl., ¶¶ 50-54. These counts again fail to describe with any particularity how Attorney General King has done anything to injure the Plaintiff. The fact of the matter is that the Attorney General has no special duties under the competitive bid law as it regards the Plaintiff in this case. The Attorney General did not solicit or review the bids that were submitted for Mental Health's pest control service. Likewise, the Attorney General did not participate in making any decision concerning such bids, much less the decision as to which bidder would ultimately be awarded a contract with Mental Health. As a result, his state-law claims against the Attorney General are simply nonjusticiable. See, *Stamps v. Jefferson County Bd. of Educ.*, 642 So. 2d 941, 944 (Ala. 1994).

19) These defendants are entitled to immunity in their individual capacities. In *Ex parte Butts*, 775 So. 2d 173 (Ala. 2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State. Given the allegations made in the complaint, these defendants can only be are entitled to immunity unless the Plaintiff can show that they acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken

interpretation of law. *Butts*, 775 So. 2d at 177-78; *Ryan v. Hayes*, 831 So. 2d 21, 28 (Ala. 2002). It is the Plaintiff's burden to make such a showing. *Ryan,* 831 So. 2d at 27-28; see also *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003) (holding that, once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity). The Plaintiff has failed to do so.

20) Plaintiff also seeks damages for alleged violations of the state competitive bid law. See Pl.'s Compl., ¶ 51. The Alabama Supreme Court, however, has already held that such relief is not available as a matter of law, even to a bidder who might be wrongfully passed over for a state contract. In *Crest Constr. Corp. v. Shelby Co. Bd. of Educ.*, 612 So. 2d 425, 431-32 (Ala. 1992), it was held that the only relief available for a violation of the competitive bid law is an injunction barring the execution of a contract entered into in violation of the statute. See ALA. CODE § 41-16-61 (2000). The *Crest* court further observed that, "because the Competitive Bid Law benefits the public and creates no enforceable rights in the bidders," "a disappointed bidder's remedies are limited under Alabama law." 612 So. 2d at 432 (citing *Townsend v. McCall*, 262 Ala. 554, 80 So. 2d 262 (1955)). Moreover, the "limited" remedy provided by the "unambiguous" language of section 41-16-61 necessarily precludes the availability of compensatory damages to remedy a violation of the competitive bid law. 612 So. 2d at 431-32. Therefore, the Plaintiff's claim for damages for the violation of competitive bid law due to be dismissed.

WHEREFORE, the above-cited grounds considered, Defendants Attorney General Troy King, Kathy Sawyer, Courtney Tarver, June Lynn, Judy Cobb and

Ray Bressler request that this Honorable Court enter a judgment in their favor dismissing all the Plaintiff's claims against them.

Done this 20th day of November, 2006.

                         Respectfully submitted,

                         /s/ Benjamin H. Albritton
                         Benjamin H. Albritton (ASB-0993-R67B)
                         Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
State of Alabama
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7555
(334) 242-2433 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system on this the 20th day of November, 2006. The Clerk will send notification of this filing to all counsel of record.

I hereby certify that I have mailed by United States Postal Service the foregoing document to the following individuals:

Curtis Duncan
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Alabama 36110

/s/Benjamin H. Albritton
Benjamin H. Albritton
Assistant Attorney General