IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | | |
|---|---|---|
| C&J ASSOCIATES PEST CONTROL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv-884-MEF |
| | ) | |
| BOB RILEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS DRAYTON NABERS, JR. AND JAMES MAIN**

COME NOW the Defendants, DRAYTON NABERS, JR., formerly Finance Director for the State of Alabama, individually and in his official capacity, and JAMES MAIN, as Finance Director for the State of Alabama, individually and in his official capacity, by and through their undersigned counsel, and submits the following brief in support of their Motion to Dismiss heretofore filed with this Court:

ARGUMENT

**A.    THE PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST
DEFENDANTS NABERS AND MAIN.**

Plaintiff alleges employees of the Alabama Department Mental Health and Mental Retardation ("Mental Health"), the Alabama Department of Agriculture ("Agriculture"), and the Alabama Department of Finance ("Finance") directly engaged in activities that give rise to his claims under 42 USC 1983. The Plaintiff's assertions against these defendants are both "vague" and "conclusory" and as such fail to meet the pleading standard for Section 1983 actions established in Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). See also Gonzalez v.

Reno, 325 F.3d 1228, 1235 (11th Cir. 2003), to wit: "(i)n civil rights and conspiracy actions, more than mere conclusory notice pleading is required.

What can be discerned from the vague assertions of the Complaint is that any liability of either of these defendants must be derived from the actions of those State employees directly involved with the Plaintiff. However, the doctrine of vicarious liability is not available to a Plaintiff claiming against a supervisory official. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

### B. THE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS NABERS AND MAIN ARE BARRED BY THE STATUTE OF LIMITATIONS.

The Plaintiff filed the Complaint on October 1, 2006. In that Complaint it's alleged that the acts of the defendants took place between May and September of 2004. The statute of limitations for each of the Plaintiff's claims is established at two years by ALA. CODE § 6-2-38(1); Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) ("the two-year limitations period of Ala. Code § 6-2-38(l) applies to section 1983 actions in Alabama"); Trawinski v. United Technologies, 313 F.3d 1295, 1298-99 (11th Cir. 2002) (two-year limitations period applies to section 1985 claims). Under federal law, a cause of action accrues, and thereby triggers the limitations clock, when a plaintiff first knows or should know of his injury and who caused it. See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing Mullinax v. McElhenny, 817 F.2d 711, 716 (11th Cir. 1987)). The standard is similar but somewhat different under state law, which dictates that a cause of action accrues whenever a plaintiff first sustains legal injury. See Ex parte Floyd, 796 So. 2d 303, 308 (Ala. 2001).

That the Plaintiff was aware of his alleged injury is demonstrated by the letters of protest he had written, all *before* October 1, 2004. See Pl.'s Compl., ¶¶ 24, 32-34.

### C. DEFENDANTS NABERS AND MAIN ARE ENTITLED TO ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY.

The Plaintiff has sued Defendants Nabers and Main in both their official and individual capacity. See Pl.'s Compl., ¶ 4. Because Defendant Nabers held office, and Defendant Main holds office, by appointment of the Governor, and the Governor is a duly elected state official, the Plaintiff's official-capacity claims must be considered to be claims against the State itself. This, in turn, affords Defendants Nabers and Main Eleventh Amendment immunity as the state need not actually be named as a party for such immunity to be available to its officials. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, the Plaintiff's federal claims for damages against Defendants Nabers and Main in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

The Plaintiff's state-law claims against Defendants Nabers and Main in their official capacities are similarly barred by the State's sovereign immunity, as is bestowed by Article I, section 14 of the Alabama Constitution of 1901. In Haley v. Barbour County, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d 783, 788 (Ala. 2004) (citing Lyons v. River Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003), and Mitchell v. Davis, 598 So. 2d 801, 806 (Ala. 1992)). Thus, the Plaintiff's claims under state law for damages against Defendants Nabers and Main in their official capacities are barred by sovereign immunity and should be dismissed.

### D. THE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS NABERS AND MAIN ARE BARRED BY QUALIFIED IMMUNITY.

To the extent Defendants Nabers and Main have each been sued under federal law in heir individual capacity, see Pl.'s Compl., ¶ 4, they are entitled to qualified immunity. The basic test for qualified immunity was stated in Harlow v. Fitzgerald, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages, it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial").

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protection that immunity provides, state officials could be subject to suit for every decision they make. This would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, Defendants Nabers and Main deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon the Plaintiff to show that Defendants Nabers and Main violated "clearly established constitutional law" in their dealings (whatever they might have been) with him. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir.

1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been demonstrated by the Plaintiff. He has alleged no specific wrongdoing, much less a constitutional injury, perpetrated by Defendants Nabers and Main. Likewise, the Plaintiff cannot contend that Defendants Nabers and Main vicariously harmed him because of the alleged actions of other state officials. See Cottone, 326 F.3d at 1360. Because the Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, the qualified immunity doctrine bars his attempt to impose liability on Defendants Nabers and Main. Therefore, the Plaintiff's federal claims against Defendants Nabers and Main in their individual capacities should be dismissed.

### E. THE PLAINTIFF'S STATE-LAW CLAIMS AGAINST DEFENDANTS NABERS AND MAIN SEEKING DECLARATORY OR INJUNCTIVE RELIEF ARE NONJUSTICIABLE.

In Counts Six and Seven of the complaint, the Plaintiff asserts state-law claims against Defendants Nabers and Main and others based on his broad and unsupported contention that Defendants Nabers and Main violated the competitive bid law and thereby tortuously interfered with the Plaintiff's business. See Pl.'s Compl., ¶¶ 50-54. As is characteristic of the remainder of the complaint, these counts again fail to describe with any particularity how Defendants Nabers and Main have done anything to injure the Plaintiff.

The fact of the matter is that Defendants Nabers and Main have no special duties under the competitive bid law as it regards the Plaintiff in this case. Defendants Nabers and Main did not solicit or review the bids that were submitted for Mental Health's pest control service. Likewise, Defendants Nabers and Main did not participate in making any decision concerning such bids, much less the decision as to which bidder would ultimately be awarded a contract with Mental Health. Put more succinctly, Defendants Nabers and Main played no role whatsoever in the bid process of which the Plaintiff complains. For that reason, Defendants Nabers and Main

now cannot affect the bidding or contracting processes to provide whatever declaratory or injunctive relief the Plaintiff may seek in this lawsuit. As a result, his state-law claims vis-à-vis Defendants Nabers and Main are simply nonjusticiable.

The Alabama Supreme Court has held that actions will be deemed nonjusticiable "'where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive.'" Stamps v. Jefferson County Bd. of Educ., 642 So. 2d 941, 944 (Ala. 1994). That court has further observed that "'[a]ctions for declaratory judgments brought by individuals to test or challenge the propriety of public action often fail on this ground, . . . because the . . . public officer or other person selected as a defendant has . . . no special duties in relation to the matters which would be affected by any eventual judgment.'" Id. (quoting Rogers v. Alabama Bd. of Educ., 392 So. 2d 235, 237 (Ala. Civ. App. 1980)). Stated another way, "actions will be deemed nonjusticiable '[w]hen the defendant has no power to affect the plaintiff's rights.'" Ex parte State ex rel. James, 711 So. 2d 952, 964 (Ala. 1998).

As argued herein, it is evident in this case that Defendants Nabers and Main have no specific duties regarding the Plaintiff and his attempts to secure a contract for pest control service with Mental Health. Thus, to the extent the Plaintiff seeks declaratory or injunctive relief against Defendants Nabers and Main, such claims are nonjusticiable, and this Court lacks subject-matter jurisdiction to consider such claims. See James, 711 So. 2d at 960 n.2. Therefore, this Court should dismiss Counts Six and Seven of the complaint to the extent those claims seek declaratory or injunctive relief against Defendants Nabers and Main.

    **F.    THE PLAINTIFF'S STATE-LAW CLAIMS FOR DAMAGES AGAINST DEFENDANTS NABERS AND MAIN ARE BARRED BY STATE-AGENT IMMUNITY.**

In Counts Six and Seven the complaint, the Plaintiff plainly seeks an award of damages under state law against Defendants Nabers and Main. See Pl.'s Compl., ¶¶ 51, 53. The Plaintiff

asserts these claims against Defendants Nabers and Main in both their official and individual capacities. See Pl.'s Compl., ¶ 4. As was argued in Part C, supra, Defendants Nabers and Main are entitled to sovereign immunity to the extent the Plaintiff has sued them in their official capacity for damages under state law. However, just as Defendants Nabers and Main in their individual capacities are entitled to qualified immunity under federal law, they are protected by State-agent immunity under state law.

In Ex parte Butts, 775 So. 2d 173 (Ala. 2000; Opinion issued July 21, 2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in Ex parte Cranman, 792 So. 2d 392 (Ala. 2000; Decided June 16, 2000. Opinion modified on Denial of Rehearing November 22, 2000.), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State. Though distinct from a qualified immunity analysis under federal law, State-agent immunity similarly shields state officials from liability while they are discharging their duties in good faith. In this case, with the utter absence of any particularity in the Plaintiff's pleading regarding Defendants Nabers and Main, it must be presumed that their actions (whatever the Plaintiff might allege them to have been) fell within the protection of State-agent immunity under Alabama law. Defendants Nabers and Main can only be divested of that immunity upon a showing that they acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law. Butts, 775 So. 2d at 177-78; Ryan v. Hayes, 831 So. 2d 21, 28 (Ala. 2002). Moreover, it is the Plaintiff's burden to make such a showing. Ryan, 831 So. 2d at 27-28; see also Giambrone v. Douglas, 874 So. 2d 1046, 1052 (Ala. 2003) (holding that, once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity).

The Plaintiff simply cannot carry the burden of proof in this case. As argued herein, the Plaintiff has not bothered to state with any particularity what Defendants Nabers and Main did (other than to just hold their office) to become defendants in this lawsuit. Consequently, it is inconceivable that the Plaintiff could marshal the evidence needed to defeat State-agent immunity. If the Plaintiff cannot proffer this evidence, his state-law claims for damages in Counts Six and Seven of his complaint should be dismissed by this Court.

### G. THE PLAINTIFF'S CLAIM FOR DAMAGES IN COUNT SIX OF HIS COMPLAINT IS PRECLUDED AS A MATTER OF LAW.

In Count Six of his complaint, the Plaintiff seeks damages for alleged violations of the state competitive bid law. See Pl.'s Compl., ¶ 51. The Alabama Supreme Court, however, has already held that such relief is not available as a matter of law, even to a bidder who might be wrongfully passed over for a state contract. In Crest Constr. Corp. v. Shelby Co. Bd. of Educ., 612 So. 2d 425, 431-32 (Ala. 1992), it was held that the only relief available for a violation of the competitive bid law is an injunction barring the execution of a contract entered into in violation of the statute. See ALA. CODE § 41-16-61 (2000). The Crest court further observed that, "because the Competitive Bid Law benefits the public and creates no enforceable rights in the bidders," "a disappointed bidder's remedies are limited under Alabama law." 612 So. 2d at 432 (citing Townsend v. McCall, 262 Ala. 554, 80 So. 2d 262 (1955)). Moreover, the "limited" remedy provided by the "unambiguous" language of section 41-16-61 necessarily precludes the availability of compensatory damages to remedy a violation of the competitive bid law. 612 So. 2d at 431-32. Thus, the Plaintiff's claim for damages in Count Six of his complaint is due to be dismissed on the authority of the Crest.

## CONCLUSION

The above-cited law and arguments considered, Defendants Nabers and Main request that this Honorable Court grant their Motion to dismiss, entering a judgment in their favor dismissing all the Plaintiff's claims against them.

Done this 14th day of December, 2006.

Respectfully submitted,

**/s/ Richard H. Cater**
Richard H. Cater
Bar Number: ASB-0782-C42R
General Counsel, Finance Director's Office

ADDRESS OF COUNSEL:

Finance Director's Office
State Capitol, Suite N-105
600 Dexter Avenue
Montgomery, Alabama 36130
Phone: (334) 242-7160
Fax: (334) 353-3300

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott L. Rouse, Esq.
Office of the Governor
State Capitol
600 Dexter Avenue
Montgomery, Alabama  36130

Benjamin Howard Albritton, Esq.
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama  36130

Robert Jackson Russell, Sr., Esq.
Department of Ag. & Industries
PO Box 3336
Montgomery, Alabama  36107

Robin Garrett Laurie, Esq.
Balch & Bingham
PO Box 78
Montgomery, Alabama  36101

William Leonard Tucker, Esq.
Page Scranton Sprouse
PO Box 1199
Columbus, Georgia  31902

Griffin Lane Knight, Esq.
Balch & Bingham
PO Box 78
Montgomery, Alabama  36101

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Curtis Duncan
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Alabama 36110

Respectfully submitted,

**/s/ Richard H. Cater**
Richard H. Cater
Bar Number:  ASB-0782-C42R
General Counsel, Finance Director's Office
State Capitol; Suite N-105
600 Dexter Avenue
Montgomery, Alabama  36130
Phone:  (334) 242-7160
Fax:  (334) 353-3300