RECEIVED

2006 DEC 21  P 7: 07

U.S. D...

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-cv-884-MEF |
| | ) |
| BOB RILEY, et al., | ) |
| | ) |
| Defendants. | ) |

## BRIEF OF JOHN BLOCH AND JOE DEBROW SUPPORTING AMENDED MOTION TO DISMISS

COMES NOW John Bloch, and Joe Debrow, sued in both their official and individual capacities, by and through the undersigned counsel, and submit the following brief in support of their Amended Motion to Dismiss, filed contemporaneously herewith.

### A. Plaintiff Fails to State a Claim Against Defendants Bloch & Debrow

Jurisdiction of this court is invoked pursuant to 28 U.S.C 1343 (3) (4), and authorized by Title 42 U.S.C., 1981, 1983, 1985, 1986 seeking to restrain the defendants, their servants, agents, employees, successors and anyone acting in concert and participation with them from depriving plaintiff, under color of state law, statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured by the Constitution and Statutes of the United States. Jurisdiction is also invoked pursuant to the provisions of Title 28 U.S.C. 1331 (3) (4).

As to these Defendants, this is essentially a conspiracy claim alleging that two employees of the State Department of Agriculture and Industries, in their individual and official capacities, acted outside the scope of their employment and failed to perform their ministerial duties because of racial bias and by conspiring and deciding to find a way not to award the contract to Plaintiff. The Defendant claims the Plaintiff has failed to state a claim upon which relief can be granted pursuant to the FRCP 12 (b) (6) in that allegations are vague, indefinite, unsupported by specific factual allegations, ie, plaintiff fails to state with specificity the what, when, where, why, and how of the offenses claimed and has over-generalized in his characterization of the offenses claimed as "improprieties and racial bias", and then does nothing more than assert that a conspiracy exists by all Defendants.

In Counts three and four, Plaintiff accuses Bloch and Debrow of engaging in a conspiracy with various state officials to deprive him of his civil rights alleging violations of 42 U.S.C. Sections 1985, 1986. To establish a conspiracy under 42 U.S.C. Section 1985, a plaintiff must allege; (1) a conspiracy; (2) for the purpose of depriving. either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) that a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. Denney v. City of Albany, 247 F.3d 1172. 1190 (11th Cir. 2001). Although Plaintiff makes vague and conclusory allegations of a conspiracy, there are no factual allegations in the Complaint to support a civil rights conspiracy claim. Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984). Therefore, Plaintiffs' 42 U.S.C. Section 1985 claim is due to be dismissed.

In deciding whether a complaint states a claim, the court must accept all well-pleaded facts as true and draw all inferences in the plaintiff's favor. Oladeinde v. City of Birmingham, 963 F2nd 1481, 1485 (11th Cir. 1992). However, a court may not assume that a plaintiff can prove facts that he has not alleged or that a defendant has violated laws in ways that have not been alleged in the complaint. Beck v. Interstate Brands Corp., 953 F 2nd 1275, 1276 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. Ltd v. Jaharts, 297 F. 3rd 1182, 1188 (11th Cir. 2002). Mere statements contained in the complaint that plaintiff was not awarded a contract to perform pest control services for the Alabama Department of Mental Health because of its race are insufficient to survive the motions to dismiss filed by Defendants Bloch and Debrow.

Because Plaintiff fails to show that a violation occurred under Section 1985, his claim under 42 U. S. C. Section 1986 must also fail. See Park v. City of Atlanta, 120 F.3d 1157, 1160 (11th Cir. 1997).

Wherefore, this Defendant Bloch and Debrow prays this court to enter a judgment dismissing all claims against them.

### B.  Claims are Barred by the Statute of Limitations

The statute of limitations for Plaintiff's claim is two years. See Jones v R.R. Donnelly & Sons Co., 541 U. S. 369, 371 (2004); Dooley v Automation USA Corp., 218 F. Supp.2d 1270, 12778 (N.D. Ala 2002); Hithon v. Tyson Foods, Inc. 144 Fed Appx. 795, 798-99 (11th Cir.2005); Ala. Code Section 6-2-38; also see Lufkin v McCallum, 956 F.2nd 1104, 1105 (11th Cir. 1992) (l); Trawinski v. United Technologies, 313 F.3rd 1295, 1298 (11th Cir. 2002). The Statute of limitations begins to run when the discriminatory act occurs, which from the claims, occurred many times

prior to the last date mentioned in the complaint (October 1, 2004). That the Plaintiff was aware of his alleged injury is demonstrated by the letters of protest he had written, all before October 1, 2004. Compl.,¶¶ 24, 32-34. Defendants Bloch and Debrow were served on October 5, 2006, and given the prior occurrences, were served outside the two-year limitations period stated in Section 6-2-38(1) of the Alabama Code. Consequently, Plaintiff's claims are due to be dismissed as untimely because they were brought outside the limitations period which began when Plaintiff should reasonably have discovered the injury.

### C.  Claims are Barred by Eleventh Amendment Immunity

The Plaintiff has sued these defendants in both their official and individual capacities. The Plaintiffs official-capacity claims must be considered to be against the State itself. This affords these defendants Eleventh Amendment immunity; the state need not actually be named as a party for such immunity to be available. Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, the Plaintiffs federal claims for damages against these defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

### D.      Claims are Barred by Sovereign Immunity

The Plaintiffs state-law claims against these defendants in their official capacities are similarly barred by the State's sovereign immunity, as is bestowed by Article I, section 14 of the Alabama Constitution of 1901. In Haley v. Barbour County, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d 783, 788 (Ala. 2004) (citing Lyons v. River Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003), and Mitchell v. Davis, 598 So. 2d 801, 806 (Ala. 1992)).

Thus, the Plaintiffs claims under state law for damages against these defendants in their official capacities are barred by sovereign immunity and should be dismissed.

### E.      Claims are Barred By Qualified Immunity

To the extent these defendants have been sued under federal law in their individual capacities, they are entitled to qualified immunity. The basic test for qualified immunity was stated in Harlow u. Fitzgerald, 457 U.S. 800 (1982). "[Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages, it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject to suit for every move they make. This would have a serious chilling effect on the ability of such officials to do their jobs. In sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785,794 (11th Cir. 1992), cert, denied, 507 U.S. 1018 (1983).

These defendants deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon the Plaintiff to show that these defendants violated "clearly established constitutional law" in their dealings with him. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiffs burden to rebut a defendant's qualified immunity defense).

### F. State Law Claims Damages are Barred By State-Agent Immunity

Bloch and Debrow are entitled to immunity in their individual capacities. In Ex Parte Butts, 775 So. 2d 173 (Ala.2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in Ex Parte Cranman, 792 So. 2nd 392 (Ala. 2000), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State. Given the allegations made in the complaint, these defendants can only be entitled to immunity unless the Plaintiff can show that they acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of law. Butts, 775 So. 2nd at 177-78; Ryan v Hayes, 831 So 2nd 21, 28 (Ala.2002). It is the Plaintiff's burden to make such a showing. Ryan, 831 So. 2nd at 27-28; See also Giambrone v. Douglas, 874 So. 2nd 1046, 1052 (Ala.2003) (holding that, once it is shown that a state was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity). The Plaintiff has failed to do so.

### G. The Plaintiffs Claims for Declaratory and Injunctive Relief are nonjusticable

Plaintiff seeks damages for alleged violations of the state competitive bid law. Compl.,¶51. In Crest Constr. Corp v Shelby Co. Bd. of Educ., 612 So. 2nd 425, 431-32 (Ala. 1992), the Supreme Court of Alabama held that the only relief

available for a violation of the competitive bid law is an injunction barring the execution of a contract entered into in violation of the statute. <u>ALA. CODE</u> Section 41-16-61 (2000). The Crest court observed that "because the Competitive Bid Law benefits the public and creates no enforceable rights in the bidders," "a dissapointed bidder's remedies are limited under Alabama law." 612 So 2nd at 432 (citing Townsend v. McCall, 262 Ala.554, 80 So. 2d 262 (1955)). Moreover, the "limited" remedy provided by the unambiguous language of section 41-16-61 necessarily precludes the availability of compensatory damages to remedy a violation of the competitive bid law. 612 So. 2nd at 431-32, Supra. Therefore, the Plaintiff's claim for damages for the violation of the competitive bid law is due to be dismissed.

WHEREFORE, the above-cited grounds considered, Defendants John Bloch, and Joe Debrow request that this Honorable Court enter a judgment in their favor dismissing all the Plaintiff's claims against them.

Done this 21st day of December, 2006.

Respectfully submitted,

**s/Robert J. Russell**
Robert J. Russell
Bar ID Number: 4372-e60r
Assistant Attorney General and
General Counsel for the Alabama
Department of Agriculture & Industries
Attorney for Defendants Bloch & Debrow

ADDRESS OF COUNSEL:
Department of Agriculture  Industries
1445 Federal Drive
Montgomery, Al 26107
Telephone: (334) 240-7117
Fax: (334) 240-7192
Email: robert.russell@agi.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

I hereby certify that I have mailed a true and correct copy by United States Postal Service the foregoing document to the following individual:

> Curtis Duncan
> C. & J. Associates Pest Control
> P.O. Box 8186
> Montgomery, Ala 36110

> **s/Robert J.Russell**
> Robert J. Russell
> Bar ID Number: 4372-e60r
> Assistant Attorney General and
> General Counsel for the Alabama
> Department of Agriculture & Industries

ADDRESS OF COUNSEL:
Alabama Dept. of Agriculture & Industries
1445 Federal Drive
Montgomery, Alabama  36107-1123
(334) 240-7118 Phone
(334) 240-7192 Fax
robert.russell@agi.alabama.gov