IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JAN -4  P 3: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

C&J Associates Pest Control,

CURTIS DUNCAN

Plaintiff,

VS.                                    CV-06-884-MEF

BOB RILEY
DRAYTON NABERS
JAMES MAIN
TROY KING
KATHY SAWYER
COURTNEY TARVER
JUNE LYNN
JUDY COBB
RAY BRESSLER
JOHN BLOCH
JOE DEBROW
BRUCE ALVERSON
LINDA SHELTON
KNOX PEST CONTROL
et al.
DEFENDANTS

PLAINTIFF'S MOTION FOR AN ORDER AND INSTRUCTIONS FROM THE

MAGISTRATE JUDGE

Comes now Plaintiff Curtis Duncan, Sole Proprietor/Owner of C & J Associates Pest Control requests that your Honor issue an Order and Instructions that Plaintiff will not have to respond to the Defendant's Motion to Dismiss before Plaintiff is afforded his statutory rights under Alabama Statute 36-12-40 and Federal Statute Freedom of Information to view inspect and copy the public bid file. The Defendants have abused their power by improperly preventing Plaintiff from viewing, inspecting and

copying the public bid files. Their goals are to prevent Plaintiff from uncovering their conspiracy and their specific roles in the conspiracy, to hinder Plaintiff abilities to litigate his lawsuit, to write his Complaint, amend his Complaint, to respond to frivolous and fraudulent Motions to Dismiss, etc. (Doc. #34)

Plaintiff filed a Motion for the Magistrate Judge to Issue an Order to Strike or Stay Defendants Motions to Dismiss and Issue an Order to Compel these State Officials to Permit Plaintiff to View and Copy the Files for the Pest Control Proposal and Solicitations (Doc. #34) filed on November 28, 2006 entered on November 29, 2006. It appears that your Honor issued his Order (Doc. # 36) issued November 29, 2006 before you had the opportunity to read Plaintiff Motion filed November 28, 2006. Your Order of November 29, 2006 stated that Plaintiff is to respond to Defendants Motions to Dismiss by January 5, 2007 and for the Defendants to file a reply to Plaintiff's response by January 19, 2007. The Order also stated that once both parties had filed their motions the Magistrate Judge will not consider any further pleadings. The Defendants continued to file several motions that were in violations of your Order (Doc. #36) issued November 28, 2006.

Your Honor issued another Order (Doc. #47) issued December 22, 2006 received by Plaintiff on December 27, 2006, which states that this case is set for a scheduling conference on January 29, 2007. The parties are ordered to follow Rule 26(f) of the Federal Rules of Civil Procedure, to confer and develop a proposed discovery plan before January 15, 2007. The Order further states "Prior to the scheduling conference, the court will review all of the pending motions; therefore, the parties should make sure that all responses to pending motions are a part of the record by that date. However, the parties should refrain from filing any additional documents to which they have not received leave of the court." This Order appears to be a response to Plaintiff Motion to Strike or Stay the Defendants motion to Dismiss and Plaintiff Motion to Compel these State Officials to Permit Plaintiff to View and Copy the Files for the

Proposal Solicitations (Doc. #34) filed on November 28, 2006. Plaintiff is uncertain on how to interpret your Honor last Order because it is unclear whether your Honor is or not requiring Plaintiff to respond to Defendants Motion to Dismiss (Docs. #29, #31, #32, #33) by January 5, 2007 before having access to the public bid file.

Your Honor Order (Doc. #36) is in clear violation of Rule 6(b) and U.S.C. 1654. If Plaintiff is to interpret your Honor Order (Doc. #47) that Plaintiff is to respond to Defendants Motion to Dismiss by January 5, 2007 then this Order is in clear violation of Rule 6(b) and Federal Statute U.S.C. 1654. In accordance with Rule 6(b) an extension of time in which to file an amendment to a complaint should be fairly and freely granted on the behalf of a Pro Se Plaintiff in order to avoid dismissal. Plaintiff submits case law Eldridge v. Block, 832 F.2d 1132 (9th Cir.1987). In Civil Rights cases much of the evidence can only be developed through discovery. While Plaintiffs may be expected to know the injuries they allegedly suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the Defendants' practices under challenge. 785 F.2d at 68. Plaintiff has a statutory right as Pro Se under U.S. C. 1654 to Self-Representation in Federal Courts. A party to a civil action in Federal Court has the right to appear Pro Se. The right to self representation "is a high standing, not simply a practice to be honored or dishonored by a Court depending on its assessment of the desiderata of as particular case".

Implicit in the right to self-representation is an obligation on part of the Court to make reasonable allowances to protect Pro Se litigants from inadvertent and forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with the relevant rules of procedural and substantive law," it should not be impaired by harsh application of technical rules. Trial Courts have been directed to read Pro Se papers liberally, and allow amendment of Pro Se complaints "fairly and freely". Plaintiff submits the following cases to support his motion, Elridge v. Block, 832 F.2d 1132 (9th Cir. 1987); Traguth v. Zuck, Cite as 710 F.2d 90 (1983); Birl v. Estelle, 660 F.2d 592,593, (5th

Cir. 1981); Haines v. Kerner, 404 U.S. at 520, 92 S. Ct. at 595; Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980).

Wherefore, premises considered, the Plaintiff respectfully request your Honor reconsider his Orders (Docs. #36, #47) that Plaintiff have to respond to Defendants Motion to Dismiss (Docs. #29, #31, #32, #33) by January 5, 2007. Because of the aforementioned reasons and good cause; Plaintiff respectfully ask the Magistrate Judge to issue new Order which is in accordance with Federal Rule 6(b) and Federal Statute U.S.C. 1654 that Plaintiff will not have to respond to Defendants Motion to Dismiss until those State Officials permit Plaintiff to view, inspect and copy the public files concerning this lawsuit (Doc. 34). Plaintiff also requests that your Honor issue this new Order by January 5, 2007 because the deadline for Plaintiff to respond your Honor previous two Orders (Docs. #36, # 47) is January 5, 2007.

Respectfully submitted

*Curtis Duncan* (signature)

Curtis Duncan
Plaintiff, Pro Se
C&J Associates, Pest Control
P.O. Box 8186
Montgomery, AL 36110
Phone: 334-467-6432

CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2006, I have served a true correct copy of the above and foregoing by first class, United States mail, properly address and postage prepaid, or hand delivered on defendants as follow:

Scott L. Rouse
Office of the Governor
600 Dexter Avenue
Montgomery, Alabama 36130
334-2427120 Phone
334-242-2335 Fax

Richard Cater, Esq.
State Finance Department
State Capitol
600 Dexter Avenue
Montgomery, Alabama 36130

Bill Garrett, Esq.
Ben Albritton, Esq.
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

Robert Russell
Alabama Dept. of Agriculture & Industries
1445 Federal Drive
Montgomery, Alabama 36107-1123
334-240-7118 Phone
334-240-7192 Fax

Robin Garrett Laurie, Esq.
Griffin Lane Knight, Esq.
Balch & Bingham
Po Box 78
Montgomery, Alabama 36101

William Leonard Tucker, Esq.
Page Scranton Sprouse
PO Box 1199
Columbus, Georgia 31902

William Alverson
ALBRITTONS, CLIFTON, ALVERSON,
MOODY & BOWDEN
P.O. BOX 880
Andalusia, Alabama 36420
Phone-334-222-3177

_Curtis Duncan 1-4-07_

Curtis Duncan
Plaintiff, Pro Se