IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| C & J ASSOCIATES PEST CONROL, | ) | |
| | ) | |
| CURTIS DUNCAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CASE NO. CV-06-884-MEF |
| | ) | |
| BOB RILEY | ) | |
| DRAYTON NABERS | ) | |
| JAMES MAIN | ) | |
| TROY KING | ) | |
| KATHY SAWYER | ) | |
| JUNE LYNN | ) | |
| JUDY COBB | ) | |
| RAY BRESSLER | ) | |
| JOHN BLOCH | ) | |
| JOE DEBROW | ) | |
| BRUCE ALVERSON | ) | |
| LINDA SHELTON | ) | |
| KNOX PEST CONTROL | ) | |
| | ) | |
| DEFENDANTS et al., | ) | |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS
AND CROSS-MOTION FOR MAGISTRATE JUDGE TO ISSUE AN ORDER TO
COMPEL THE DEFENDANTS TO PERMIT PLAINTIFF TO VIEW INSPECT
AND COPY THE PUBLIC BID FILE**

Comes now Pro Se Plaintiff Curtis Duncan, C & J Associates Pest Control, I, Curtis Duncan, the Plaintiff in the above-entitled action. This lawsuit is brought on behalf of Curtis Duncan d.b.a. as C & J Associates Pest Control. Since the Plaintiff is responding to Defendant's Motion to Dismiss, all allegations within his Complaint must be taken as true. At this early stage, the plaintiff has more than sufficiently demonstrated that his

claims under the 14th Amendment to the United States Constitution must survive, based on the facts that Plaintiff have presented in his Complaint and in Plaintiff Motions (Docs. #34, #48). Your Honor issued an Order (Doc. # 49) in response Plaintiff Motions (Docs.#34, #48) by erroneously denying Plaintiff's his statutory rights to view inspect copy the public bid files for Pest Control contracts involved in this lawsuit. Your Honor erroneously ruled that the Plaintiff was asking him to issue an order for discovery, when in fact Plaintiff was asking the court to issue order concerning his rights under Alabama Statute 36-12-40 and Federal Statute Freedom of Information. Your Honor erroneously cites Moore v. Potter, 141 Fed. Appx. 803, C.A. which does not deal with the issue where State Officials have abused their powers in preventing a Plaintiff or the Public from inspecting, viewing and copy a public bid file.

Your Honor have a ministerial duty to compel the Defendants to perform their ministerial duties to permit Plaintiff to view inspect and copy the public bid files. The Defendants have violated Plaintiff and the Public statutory rights under Alabama Statute 36-12-40 and Federal Statute Freedom of Information Act for over two years, in order to conceal their improprieties and conspiracy. The Defendants are in possession of the public bid files, which is required by the Competitive Bid Law to document the entire bid process, to ensure that contracts are awarded in strict accordance of the law. The Defendant's Motion to Dismiss is frivolous, fraudulent and is merit less. In response to Defendant's motion and the Court's order, the Plaintiff states that the Defendant's motion is a sham, pretense and false on its face as well as in it content.

The Defendants who are in possession of the public bid files have not offered any evidence from the bid files to confirm their Motion to Dismiss. The Defendants instead have offered only conclusory statements in their Motion to Dismiss. The Defendants can not challenge the legal sufficiency of Plaintiff's Complaint and Motions when they have and continue to abuse their powers to prevent Plaintiff from exercising his statutory right to view inspect and copy the public bid files. The Defendants improprieties have

inhibited Plaintiff ability to write and litigate his lawsuit.

Your Honor can not turn a blind eye to the facts of this case because of the various high profile positions the various Defendants hold with the State of Alabama. No man is above is above the law and these Defendants have a constitutional and ministerial duties to obey the law. The facts clearly shows that the Defendants have intentional violated the Plaintiff's statutory and constitutional rights to have access to public information in a public bid file that is essential to the Plaintiff ability to write his Complaint and respond responsibly to the Defendants Motion to Dismiss. Any reasonable person would question why State officials would prevent the Plaintiff and the Public from viewing, inspecting and copying this public bid file. The Court must address this issue before addressing a Motion to Dismiss, having the Parties to meet for the scheduling of this case

## SUMMARY OF UNDISPUTED FACTS

This case is about how Defendants Bob Riley, Drayton Nabers, James Main, Kathy Sawyer, Troy King, Kathy Sawyer, Courtney Tarver, June Lynn, Judy Cobb, Ray Bressler, John Bloch, Joe DeBrow, Bruce Alverson, Linda Shelton and Knox Pest Control, in their individual capacity intentionally went beyond the scope of their official and ministerial duties under the color of State Law. These Defendants conspired and illegally canceled Plaintiff's pest control contract with Mental Health that bidden under the Alabama Competitive Bid Law 41-16-20. The Defendants advertised and exposed bid prices for a fraudulent Proposal Pest Control Services for Mental Health and Retardation under the guise that it was a Proposal. Plaintiff protested orally and in writing to the Defendants about their illegal actions, before Plaintiff's contract was cancelled and before the illegal Proposal was opened and prices exposed. The Defendants knowingly and willingly violated 41-16-20 and 41-16-51 in order to ensure that Plaintiff would be under bidden by his competitors at a later bid date. The Defendants awarded the pest control contract to a preferred, unqualified white vendor, Knox Pest Control, Linda Shelton with the assistance of Bruce Alverson. Because of

their impermissible preference for white vendors, the Defendants collectively discriminated against C&J because of his race. The Defendants collectively violated C&J Constitutional, Civil Rights and the Competitive Bid Law by committing fraud and participating in a conspiracy to deprive C&J of it equal protection rights to be free from racial discrimination during the competitive bidding process.

Officials sued in their individual capacity are liable for monetary damages when operating beyond the scope of their duties, also when an official in their individual capacity violates someone Constitutional Rights. For the record C&J is not suing the defendants in their official capacity for monetary damages, because the Defendants were not following the Competitive Bid Law, official policies or procedures. As aforementioned, the defendants waived their qualified immunities when they intentional went beyond the scope of their ministerial duties. This court must issue an Order to compel the Defendants to permit the Plaintiff view inspect and copy the public bid files under Alabama Statute 36-12-40 and Federal Statute Freedom of Information, in order for the Plaintiff can specify each Defendant specific role in this conspiracy and lawsuit. At this point must the Plaintiff has presented more than sufficient evidence in his claim that the Defendants have intentionally violated his Constitutional and Civil Rights by going beyond the scope of their duties and failing to perform their ministerial duties in their individual capacity. Defendants through their Attorney have been spraying the record in their response to Plaintiff complaint with fraudulent filing of material facts, contradictory statements, case law etc., which has no remote essence to issues of Plaintiff complaint. Defendants are intentional avoiding the true issues of this case, to fraudulently suppress the truth and deter Plaintiff from proving his case. These types of frivolous and fraudulent responses are simply intended to stall and run up Plaintiff cost in his pursuit of litigating his case; also, Defendants tactics have the same effects on the judicial system efficiency. It now time for the Judge to make a ruling as a matter of law that Plaintiff have written a valid complaint against the defendants, even without have

access to the public bid files, that the Defendants went beyond the scope of their duties and failed to perform their ministerial duties in their official capacity, and that the Defendants actually violated Plaintiff Constitutional and Civil Rights in their individual capacity.

The Defendants Motions to Dismiss consist of (1) Failure to state a claim upon which relief can be granted (2) Statute of Limitations (3) Immunity under the Eleventh Amendment (4) Immunity under Sovereign Immunity (5) Immunity under Qualified Immunity (6) Claims barred by State Immunity (7) Declaratory and Injunctive relief are nonjusticiable (8) Claim for damages under the State Competitive Bid Law are prohibited as a matter of law. All of these issues raised in the Defendant's Motion to Dismiss are inappropriate for Plaintiff to respond to at this early stage of the lawsuit. The records clearly show the Defendants have abused their powers and have prevented the Plaintiff from viewing inspecting and copying the public bid files for the pest control contracts in question. Plaintiff is under duress from the Court to respond. Plaintiff will respond to the best of his ability to this Motion to Dismiss, without having his statutory rights to view inspect and copy the public bid file.

## BREIF SUPPORTING PLAINTIFFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## MOTION TO DISMISS STANDARD AND ARGUMENT

A court ruling on a motion to dismiss or summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., U.S. 242, 2555, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Motion to Dismiss or Summary judgment is improper "if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S. Ct. at 2510. See Barfield v. Brierton, 883 F. 2d 923,933 (11th Cir. 1989).

Motion to Dismiss or Summary Judgment is not well suited for cases in which motive and intent are at issue particularly when one party is in control of the proof See Perry v. McGinnis, 209 F.3d 597,600 (6th Cir. 2000). Whether defendants acted knowingly, willfully, or negligently concerns state of mind, and therefore presents jury triable issue generally inappropriate for motion to dismiss or summary judgment. See Thibodeaux v. Rupers, 196 F. Supp. 2d 585, 592 (S.D. Ohio 2001). The plaintiff may also raise a genuine issue as to defendant's motivation by producing evidence, including circumstantial evidence, from which the required motivation can be inferred. Motion to Dismiss or Summary judgment for defendant improper in libel action when plaintiff produced evidence that would allow a jury to determine that the defendant had deliberately and recklessly changed alleged quotations from the plaintiff, a finding that would constitute the requisite actual malice. See Mason v. New Yorker Magazine, Inc., 501 U.S. 496, 525, 111 S.Ct 2419, 115 L. Ed. 2d 447 (1991).

"A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted." Doe v. United States Dept. of Justice, 753 F.2d 1092, 1102 (D.C.Cir. 1985), citing 2A Moore's Federal Practice 12.08 (2d ed. 1948 & Supp. 1984). For the purposes of such a motion, the facts alleged in the complaint must be accepted as true and *all* factual inferences, ambiguities or doubts concerning the sufficiency of a claim are to be drawn in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1979); Doe, 753 F.2d at 1102. See Fed.R.Civ.P. 12(b); Andreu v. Sapp, 919 F.2d637, 639 (11th Cir. 1990).

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50 (1989). The issue on a motion to dismiss "is not whether . . . plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

Where sufficient facts are alleged in the complaint so that the court is satisfied that the complaint is not frivolous and that the defendants have been provided with adequate notice so that they can answer the complaint, then the complaint will be deemed sufficient and will be sustained. Frazier v. Southeastern Pennsylvania Transportation Authority, 785 F.2d 65 (3d Cir.1985)

Inevitably, the sufficiency of a complaint must be determined on a case-by-case basis. The factors discussed in prior decisions are helpful to a court making such an evaluation, but they must be considered in light of the purposes of the specificity rule. Thus, the crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer. At the same time, however, a court cannot expect a complaint to provide proof of plaintiffs' claims, nor a proffer of all available evidence. In civil rights cases much of the evidence can be developed only through discovery. While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge. 785 F.2d at 68. As Plaintiffs' complaint provides sufficient information to entitle him to offer evidence, and the defendants have not satisfactorily demonstrated that no facts exist that could support the defendants' claims, the defendants' Motion must be denied.

The Supreme Court has held that the test for intentional discrimination in suits under 1981 and 1983 are the same as the formulation used in Title VII discriminatory treatment causes. See Brown v. American Honda Motor Co., 939F.2d946 (11th Cir.1991). Under this test, the initial burden rests with plaintiffs to demonstrate by the preponderance of the evidence a prima facie case of discrimination. Burdine at 252-53, 101 S.Ct.1089. This burden can be met by simply demonstrating that the plaintiff is a member of a minority group, that he met the requirements for the contract that he was not given the contract and the contract was eventually given to an individual who is not a member of a protected class. If the plaintiffs establish a prima facie case then, then burden shifts, to the

defendants to proffer a legitimate, non-discriminatory reason for the action. McDonnell Douglas Corp. v. Green, 411 U.S.792, 802(1973). If the defendants carry the burden, the plaintiffs then have opportunity to by preponderance of the evidence that the legitimate reasons offered by the defendants were merely pretext for discrimination. Id. At 804, 93S.Ct. 1817.

In Ex parte Cranman, 792 So. 2d 392 Ala. 2000, the Supreme Court of Alabama suggested a new test for determining when a State employee sued in his or her individual capacity is entitled to State-agent immunity. A State agent shall not immune from civil liability in his or her personal capacity when (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law. 792 So. 2d at 405. A majority of this Court Adopted the Cranman test in Ex parte Butts, 775 So. 2d 173 (Ala. 2000). The Cranman test is also accepted by 11th Circuit Court of Appeals.

In deciding whether a Public official is entitled to qualified immunity in a 1981, 1983, 1985, 1986 action, the Court employs the following two-step analysis: (1) The defendant public official must prove that he or she was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. (2) Once the defendant public official satisfies his burden of moving forward with the evidence, the burden shifts to the plaintiff to show lack of good faith on the defendant's part. This burden is met by proof demonstrating that the defendant public official's actions 'violated clearly established constitutional law.' Roden v. Wright 646 So. 2d 605 at 610 Ala. 1994, quoting Rich v. Dollar, 841 F.2d 1558, 1563-64 11th Cir. 1988. In Point Properties Inc. v. Anderson, 584 So. 2d 1332 at 1338-39 Ala. 1991, the Court, quoting Stewart v. Baldwin County Board of Education, 908 F. 2d 1499, 1503 11th Cir. 1990 explained that "the relevant question

on the defense of qualified immunity is whether a reasonable official could have believed his or her actions were lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred." The Court went on to note that "qualified immunity defense provides ample protection to all except the plainly incompetent or those who knowingly violate the law." 584 So. 2d at 1339, quoting Stewart, supra. Couch v. City of Sheffield, 708 So. 2d 144, 155 Ala. 1988. See also Smith v. Siegelman, 322 F. 3d 1290 11th Cir. 2003.

Plaintiff submits the case of Belcher v. Jefferson County Board of Education 474 So.2d 1063 and Barbara Hafer v. James C. Melo, Jr. 112 S. Ct. 358 as a rebuttal to Defendants position that state officials have Eleventh Amendment Immunity, Sovereign Immunity and Automatic Qualified Immunity to all suits filed against them based on Federal Law or State Law.

Plaintiff submits Barbara Hafer v. James C. Melo, Jr. 112 S. Ct.358, James Robb v. City of Philadelphia 733 F.2[nd] 286 as a rebuttal to Defendants position on public officials and private parties involvement in a conspiracy to deprive others of constitutional rights are acting under the color of state law, and public officials being sued in their official and individual capacities.

Plaintiff submits Spring Hill Lighting & Supply Company, Inc v. Square D Company, Inc., et al. CV-91-3986 as rebuttal to the Defendants position that the state competitive bid law is prohibited as a matter of law.

Plaintiff submits Richard Abston v. Thomas B. Woodard 398 So.2d 237, James Robb v. City of Philadelphia 733 F.2[nd] 286, Board of County Commissioners, Wabaunsee County, Kansas, Petitioner, v. Keen A. Umbehr as a rebuttal to the Defendants position on the First Amendment on how it applies to this case concerning independent contractors constitutional rights in government contracting as compared to employees rights. Defendants have listed several have cases that does not address the constitutional rights raised in my complaint. My constitutional rights claims are based on the14th

Amendment equal protection clause and First Amendment freedom of speech. Defendants are intentional spraying the record with erroneous case law that does not address Defendants depriving the Plaintiff of his constitutional rights of equal protection and freedom of speech.

Defendants thorough their Attorneys falsely states that the Statute of Limitations expired before October 1, 2004. Bid Solicitation 04-X-6038553 was opened on September 10, 2004. According to State Competitive Bid Law Purchasing Agencies can take up to 60 days to evaluate a bid to determine if they will or not award to the lowest responsible bidder. Bidders have to wait until Mental Health Purchasing complete their evaluation and be put on notice about the results of the solicitations. Plaintiff wrote a letter to Defendant Courtney Tarver on September 29, 2004 asking to view inspect and copy the public bid file before a final decision be made. Defendant Tarver never answered Plaintiff letter, so Plaintiff called Defendant Ray Bressler on October 1, 2004. It is undisputed facts that the Defendants did not put Plaintiff on notice that the majority of the pest control contracts were awarded to Knox Pest Control until October 1, 2004 (See Complaint Count One Number 36). Also Defendant Ray Bressler wrote Plaintiff a letter on November 2, 2004 confirming Plaintiff called October 1, 2004 inquiring about the status of the Pest Control contracts. The Defendants and their Attorneys are trying to mislead this Court to believe that the Plaintiff knew that the contracts were awarded before October 1, 2006. Plaintiff filed his lawsuit on October 1, 2006 which is well within the two-year limitations statute. Under Federal Law, accrual occurs the moment the Plaintiff knows or has reason to know of the injury that is the basis of his complaint. Plaintiff had no knowledge of the Defendants true motives or biases at this time. It is

undisputed facts that Defendants intentionally, knowingly and willfully did not response to Plaintiff's protest letters. The Defendants had a ministerial duty to answer all of Plaintiff protest letters in a timing matter. It is undisputed facts that because of the Defendants improper behavior that the Plaintiff was not awarded the pest control contract. In addition, the Defendants had a ministerial duty to answer in writing why the Plaintiff was not awarded the contract. The Competitive Bid Law reads as follows "if the award is not made to the low apparent bidder, then the reasons must be stated why the award was not made to the low apparent bidder and these records must be open to public inspection." It is undisputed facts that Plaintiff was not put on notice until October 1, 2004 by the Defendants about the awarding of the Pest Control contracts. Defendants never explain why they did not award the majority of the contracts to Plaintiff and why they awarded an unqualified white vendor Knox Pest Control the majority of the pest control contracts. It is undisputed fact that the Defendants had failed to perform their ministerial duty of addressing the Plaintiff protests in a timely matter. It is undisputed fact that Plaintiff has submitted several protest letters, and was put notice of their award until October 1, 2004.

Generally, a civil rights cause of action accrues when the plaintiff knew or should have known of the injury. Under federal law, accrual occurs" 'the moment the plaintiff knows or has reason to know of the injury that is the basis of the complaint.'" See Snows v. Morgan 40 F.Supp.2d 1345 (M.D. Ala. 1999) (Thompson, J.) Beasley v. Alabama State Univ., 966 F. Supp. 117, 1128 (M.D. Ala. 1997) (Thompson, J.). (Helton v. Clements, 832 F. 2d 332 335 (5th Cir.1987)). Action accrued when plaintiffs were denied right to vote on election day, not on earlier date when they were notified that their voter

registration form was incomplete. Lawson v. Shelby County, Tennessee 211 F. 3d 331, 2000 Fed. App. 01555. The Supreme Court has held that a cause of action accrues at the time the plaintiff has notice of the discriminatory act for civil rights cases in the employment context. See State College v. Ricks, 449 U.S. 250, 101 S. Ct. 498, 66 L. Ed.2d 431 (1980) (denial of tenure case filed under Title VII of the Civil Rights Acts of 1964 and 42 U.S.C. 1981 accrued on the date tenure was denied. (Janikowski v. Bendix Corp., 823 F.2d 945, 947-48(6th Cir.1987) Age Discrimination in Employment Act action accrued on date employee was notified of pending termination. (Citing Chardon v. Fernandez, 454 U.S. 6, 102 S. Ct. 28, 70 L.Ed. 2d 6 (1981)). The Supreme Court has held that for the purposes of computing the statute of limitations period, the proper focus is on the time the plaintiff was put on notice of defendants discriminatory act. This notice-based test to determine when a cause of action has accrued has also been applied in a variety of other civil rights actions. See Watts v. Graves, 720 F.2d 1416 (5th Cir. 1983) (per curiam) (42 U.S.C. 1983 civil rights action against local police alleging violation of Fourth Amendment rights based on warrant less search); Eagleston v. Guido, 41 F.3d 865(2d. Cir. 1994) (42 U.S.C. 1983 civil rights action against police alleging equal protection violation in police arrest policies relating to domestic violence complaints).

Plaintiff has many more cases to rebuff the various positions taken by the Defendants in this case. None of the defensive positions taken by the Defendants so far has any merit or substance to the complaint filed by Plaintiff, because their legal position is based on fraud.

## I. PLAINTIFFS' ALLEGATIONS –EQUAL PROTECTION UNDER THE 14TH AMENDMENT

Under the equal protection clause of the fourteenth amendment, no State shall . . .deny to any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV 1. The central purpose of the equal protection clause…is the prevention of

official conduct discriminating on the basis of race. Washington v. Davis, 426 U.S. 229, 239, 96 S.Ct. 2040, 2047, 48 L.Ed.2d 597 (1976). Plaintiff have successfully pleaded in his complaint that defendants acting under the color of law purposely discriminated against him by impairing his ability to make, perform, modify and termination of his contract with the Mental Health concerning contract 8002278, Request for Proposal issued June 25, 2004, Solicitation 04-X-6038553. See Harris v. Conridi, 675 F.2d 1212, 1217 (11th Cir. 1982). The equal protection clause differs from the procedural aspect of the due-process clause in both the type of right protected and the matter in which an individual may be deprived of that right. Under the due-process clause, a state actor may deprive an individual of constitutionally protected liberty and property rights only after a meaning hearing. See Fuentes, 407 U.S. at 80, 92 S.Ct. at 1994. Under the equal-protection clause, a state actor may deprive an individual of a legally protected right only if the actor's decision is taken for constitutionally permissible reasons. Thus, unlike a procedural due process claim, an equal-protection claim may assert injury to, not only Plaintiffs' interest in continued contracting, but also the terms and conditions of that contracting, and his prospects for future contracting. See Whiting v. Jackson State University, 616 F.2d 116, 122 (5th Cir. 1980). The Constitution protects Plaintiff right to be free from purposeful, race-based discrimination on the part of any prospective contracting agency. See Burns v. Gadsden State Community College, 908 F.2d 1512, 1517-1518 (11th Cir.1990). This right was clearly established at the time of the events in question. See Busby, 931 F.2d at 775-776. It is clearly established that the equal protection clause affords ... a right to be free from racial discrimination. The defendants therefore can not make a claim of qualified immunity to plaintiff 1981, 1983, 1985, 1986 claim predicated upon equal protection. In Bonner v. city of Prichard, 661 F.2d (11th Cir.1981) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209.

Plaintiff alleged violations are self-evident on the face of his complaint and in his Motion (Docs. #34, #47) See Rich v. Dollar, 841 F.2d at 1564. The Eleventh Circuit imposes a heightened pleading requirement on plaintiff when confronted with a motion to dismiss. The heightened pleading standard requires a complaint to provide some factual detail ... especially in order to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred. GJR Investments, Inc. v. County of Escambia, 132 F.3rd 1359, 1367 (11th Cir. 1998). Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992). However in Helton v. Hawkins, 12 F. Supp.2d 1276, 1280-1281 (M.D. Ala. 1998) (Thompson, J.), it is unclear whether the Eleventh Circuit 1983 pleading standard is still constitutional. The Supreme Court has indicated that the role of the courts is not to fashion heightened requirements. See1358 Crawford- El v. Britton, 523 U.S. 574, ----,. Nonetheless, even under the heightened pleading requirement, Plaintiff complaint is unusually detailed, setting forth with specificity, facts alleging violations of clearly constitutional right against racial discrimination.

This permits the plaintiff to defeat the defendant's Motion to Dismiss. The plaintiff has clearly asserted the stigmatizing facts in his complaint. For the purpose of this motion, the Court must accept these allegations as true. Thus, the fraudulent conclusory assertions of the defendants have absolutely no weight.

First, again, these are all factual issues that are totally inappropriate to resolve the Defendants initial Motion to Dismiss, especially before Plaintiff is afforded his statutory rights under Alabama Statue 36-12-40 and Federal Statue Freedom of Information to inspect and copy the public bid files or a hearing concerning the Defendants abuse of power in preventing Plaintiff right to view, inspect and copy the public bid file. It is also inappropriate for this court to try to resolve factual issues without any discovery taken place or before any hearing concerning the fraudulent actions of the Defendants is scheduled before the district court. Therefore, the defendant's conclusory factual beliefs are meaningless.

Second, the defendants casually argue the entire lawsuit should be dismissed virtually without addressing the specific situations of any of the claims stated in the complaint.

In any event, the allegations set forth by the plaintiffs are sufficient to defeat the Defendant's Motion to Dismiss at this early stage.

### 2. This Court Has Other Remedies To Chose From In Resolving The Due Process And Equal Protection Clause Violations

A name clearing hearing is but just one available remedy for a due process violation. There are several others remedies that can and should be awarded because of the defendants' infringement of the plaintiff's statutory and constitutional rights.

## II. THE PLAINTIFF HAVE ADEQUATELY SET FORTH CLAIMS UNDER THE 14TH AMENDMENT

Jurisdiction is proper under the federal-question statute, 28 U.S.C. § 1331, Civil Rights Violation under 1343 (3) (4) for 42 U.S.C. 1981, 1983, 1985, 1986, 1991, and the declaratory-judgment statute, 28 U.S.C. §2201 et seq, both of which have been asserted by the plaintiff to challenge the defendants' decisions. A court may:

> (2) hold unlawful and set aside agency action, findings, and conclusions found to be --
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law ...
> (F) unwarranted by the facts to the extent that the facts are subject to trial by the court.

"Courts, of course, have long required agencies to abide by internal, procedural regulations concerning the dismissal of employees even when those regulations provide more protection than the Constitution or relevant civil service laws." Doe, 753 F.2d at 1098. The plaintiff has submitted in his Complaint, details of the unprofessional and unlawful behavior of the defendants.

In order to escape proper judicial review of their actions the defendants seek to have

plaintiff lawsuit dismissed in bad faith, by filing for a fraudulent Motion to Dismiss. Even without access to the public bid files or discovery, the plaintiff has sufficiently demonstrated that the defendants have engaged inappropriate activities against plaintiff. The plaintiff has amply demonstrated that the defendants are not entitled to dismissal on plaintiff claim at this stage, and that discovery is appropriately warranted.

## III. THE PLAINTIFF IS ENTITLED TO DISCOVERY

As the plaintiff has sufficiently demonstrated that the Defendants' Motion to Dismiss should be denied, this Court should permit Plaintiff the opportunity to immediately commence discovery. Courts addressing the type of case set forth herein permit plaintiff to commence discovery as a routine matter. See e.g., O'Donnell, 148 F.3d at 1139; Orange, 59 F.3d at 1275; Kartseva, 37 F.3d at 1530. Furthermore, because most of the evidence relating to the plaintiff' claims are "likely to be exclusively in the possession of the government, it would seem appropriate to accord [plaintiff] the discovery necessary to this issue." Britt v. Naval Investigative Service, 886 F.2d 544, 551 (3d Cir. 1989).

In its most basic form this lawsuit involves a constitutional challenge under the 14th Amendment and an attack upon the illegal conduct of Bob Riley, Drayton Nabers, James Main Troy King, Kathy Sawyer, Courtney Tarver, June Lynn, Judy Cobb, Ray Bressler, John Bloch, Joe Debrow, Bruce Alverson, Linda Shelton and Knox Pest Control. These types of cases routinely require discovery in order to allow a court to fairly and properly adjudicate the claims of the parties. Padula, 822 F.2d at 99 (discovery permitted for constitutional claim involving FBI hiring practices); Hogue, 791 F.2d at 1321 (bench trial on liberty interest claims); Bailey v. Kirk, 777 F.2d 567, 569 (discovery permitted on liberty interest claims); Dressler v. Jenne, 87 F.Supp.2d 1308, 1310 (S.D.Fla. 2000) (discovery permitted in constitutional challenges to police officer's termination); Dziewior, 715 F.Supp. at 1420 (discovery permitted in constitutional claims involving polygraph challenges); See also Hogarth v. Thornburgh et al., 833 F.Supp. 1077, 1080 (S.D.N.Y. 1993)(discovery permitted in termination discrimination claim against FBI).

Additionally, the defendants has in its possession relevant information that would be crucial to any judicial determination including, but not limited to, internal regulations and policies.

The plaintiff is legally entitled to present this information to the Court for its consideration prior to any final judgment being issued.

## CONCLUSION

Based on the foregoing, the Defendants' Motion To Dismiss should be denied, and the Plaintiff's Cross-Motion that the Magistrate Judge Issue an Order to Compel the Defendants to Permit Plaintiff to view inspect and copy the public bid file

Respectfully submitted,

*Curtis Duncan  1-5-07*

Curtis Duncan
Plaintiff
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Alabama 36110
Phone 334-467-6432
cj_one@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007 a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss and Cross-Motion for Magistrate Judge to Issue an Order to Compel the Defendants to Permit Plaintiff to View Inspect and Copy the Public Bid File was mailed first class, postage prepaid, on defendants as follows:

Scott L. Rouse
Office of the Governor
600 Dexter Avenue
Montgomery, Alabama 36130
334-2427120 Phone
334-242-2335 Fax

Richard Cater, Esq.
State Finance Department
State Capitol
600 Dexter Avenue
Montgomery, Alabama 36130

Bill Garrett, Esq.
Ben Albritton, Esq.
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

Robert Russell
Alabama Dept. of Agriculture & Industries
1445 Federal Drive
Montgomery, Alabama 36107-1123
334-240-7118 Phone
334-240-7192 Fax

Robin Garrett Laurie, Esq.
Griffin Lane Knight, Esq.
Balch & Bingham
Po Box 78
Montgomery, Alabama 36101

William Leonard Tucker, Esq.
Page Scranton Sprouse
PO Box 1199
Columbus, Georgia 31902

Bruce Alverson
5741 Vendome Drive South
Mobile, Alabama 36609

*Curtis Duncan* 1-5-07
Curtis Duncan
Plaintiff, Pro Se