IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

C&J ASSOCIATES PEST CONTROL,

    Plaintiff,

v.                                             CV No. 2:06-CV-00884-MEF

BOB RILEY, et al.,

    Defendants.

_____

INTRODUCTION TO REPORT OF PARTIES' PLANNING MEETING

    Come now the Defendants, Bob Riley, Drayton Nabers, James Main, Troy King, Kathy Sawyer, June Lynn, Judy Cobb, Ray Bressler, John Bloch, Joe DeBrow, Bruce Alverson, Linda Shelton, and Knox Pest Control, by and through their attorneys, and show unto the Court as follows:

    1.    Attorneys for Defendants coordinated a Planning Meeting which was held on January 12, 2007. Present were Scott L. Rouse, attorney for Defendant Riley, Richard H. Cater, attorney for Defendants Nabers and Main; Robert Jackson Russell, Sr., attorney for Defendants Block and DeBrow; and Griffin Lane Knight, attorney for Linda Shelton and Knox Pest Control. Attorneys for the other defendants were not able to be present and had delegated to those attorneys in attendance authority to participate on their behalf. Also present at the Planning Meeting was the Plaintiff, Curtis Duncan.

    2.    The parties agreed to stay discovery pending a ruling by the court on the qualified immunity issues.

    3.    Notwithstanding the agreement to stay discovery, the Plaintiff contends that he is entitled to certain public records relevant to the bid that is the subject of his lawsuit. At the

Planning Meeting, the Defendants advised Plaintiff they have no objection to excepting from the discovery stay formal discovery by the Plaintiff of the bid file, providing that the discovery methods used by the Plaintiff are subject to the limits set out in the Discovery Plan.

4. Subsequent to the Planning Meeting, Defendant Mental Health and Mental Retardation offered to make available to the Plaintiff, without formal discovery, the public records relevant to the bid that is the subject of this lawsuit.. This may be accomplished by the Plaintiff contacting attorney Benjamin Albritton, attorney for Mental Health and Mental Retardation.

5. At the conclusion of the Planning Meeting, the Plaintiff advised the other parties he would need to review his calendar to determine if he could meet the proposed schedule and that he would contact Richard H. Cater, serving as the representative of the Defendants, no later than noon on Monday, January 15, 2007, either via email or fax communication.

6. At 1:35 PM on Monday, January 15, 2007, the Plaintiff transmitted to Richard H. Cater, via fax, a letter with attachments, which are hereby submitted as Exhibit A.

7. In his letter, the Plaintiff denies having agreed to a stay of discovery, except for the bid file.

8. As the Defendant Mental Health and Mental Retardation is making the bid file available to the Plaintiff, an exception to the discovery stay is now moot.

9. In the Planning Report filed by the Plaintiff on January 15, 2007, he proposed changing the maximum number of depositions to 20 rather than 10, and changing the report dates for experts' reports to May 15, 2007, for the Plaintiff and June 15, 2007, for the Defendants. While they do not see the need for this number of depositions, the Defendants have no objection to this unilateral change.

10. Under item 3 of the Report, the Plaintiff added the following language: "Plaintiff request that parties will evaluate settlement possibilities on a continuing basis." The Defendants have no objection to this unilateral change.

11. The Plaintiff also changed the days needed for trial from 4 days to 5 days. Defendants have no objection to this unilateral change.

12. The Plaintiff inserted the following statement under item 3: "Plaintiff requests identification of responsive parts to depositions should be due by September 29, 2005." The Defendants do not know what the Plaintiff is suggesting and therefore cannot agree to the addition of this language to the report.

13. The Defendants submit herewith a Report of Parties' Planning Meeting that reflects the agreement of the parties as of the conclusion of the Planning Meeting held January 12, 2007, amended to reflect the addition of the offer of Defendant Mental Health and Mental Retardation to make available the bid records which are the subject of this lawsuit and the changes unilaterally made by the Plaintiff in his January 15, 2007, filings, with the exception of the language cited in paragraph 12 above.

Respectfully submitted this 16th day of January, 2007.

/s/ Richard H. Cater
Richard H. Cater, as designated representative of
the Defendants for the purpose of submitting this
INTRODUCTION TO REPORT OF PARTIES'
PLANNING MEETING
Bar Number: ASB-0782-C42R

ADDRESS OF COUNSEL:
Department of Finance, Legal Division
State Capitol, Suite E-309
600 Dexter Avenue
Montgomery, Alabama  36104
Phone:  (334) 242-7160
Fax:  (334) 353-3300

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott L. Rouse, Esq.  
Office of the Governor  
State Capitol  
600 Dexter Avenue  
Montgomery, Alabama  36130

Benjamin Howard Albritton, Esq.  
Office of the Attorney General  
Alabama State House  
11 South Union Street  
Montgomery, Alabama  36130

Robert Jackson Russell, Sr., Esq.  
Department of Ag. & Industries  
PO Box 3336  
Montgomery, Alabama  36107

Robin Garrett Laurie, Esq.  
Balch & Bingham  
PO Box 78  
Montgomery, Alabama  36101

William Leonard Tucker, Esq.  
Page Scranton Sprouse  
PO Box 1199  
Columbus, Georgia  31902

Griffin Lane Knight, Esq.  
Balch & Bingham  
PO Box 78  
Montgomery, Alabama  36101

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Curtis Duncan  
C&J Associates Pest Control  
P.O. Box 8186  
Montgomery, Alabama 36110

Respectfully submitted,

**/s/ Richard H. Cater**  
Richard H. Cater  
Bar Number:  ASB-0782-C42R  
State Capitol; Suite E-309  
600 Dexter Avenue  
Montgomery, Alabama  36104  
Phone:  (334) 242-7160  
Fax:  (334) 353-3300

## Whitman, Debbie

**Sent:** Tuesday, January 16, 2007 4:17 AM
**To:** Whitman, Debbie
**Subject:** From the officeJet 9100 all-in-one
**Attachments:** scan.pdf



# C & J Pest Control

P.O. Box 8186 • Montgomery, AL • 36110 • 334.467.6432

From: Curtis Duncan

Sent: Monday January 15, 2007

To: Richard Cater

Subject: Report of the Parties Planning Meeting

Mr. Cater: This is my response to the document you sent me Friday at 4:31 January 12, 2007. There are a few things that I do not agree to in this document, but are very important to concerning the merits, issues of this case and the reason why I had to file this lawsuit. Attorneys Scott Rouse who represents the Governor, Robert Russell who represent the Agriculture Department, Robin Laurie who represents Knox Pest Control, and a person who represented your self until you arrived. Attorneys Ben Albritton who represents Mental Health and Retardations and the Attorney General and William Alverson who represent Bruce Alverson were not present. Attorney Laurie presented the proposed Defendants scheduling of the case and I presented my proposed scheduling of the case. It was Rouse, Russell, your representative and you, position that a motion will be submitted to the Court asking to limit the scope of the Discovery based on Qualified Immunities for State Officials.

I questioned whether this would have any effect in my ability to have access to the Public Bid files that I had already requested to see for over two years. Attorneys Rouse, Russell and you when you arrived stated that your clients were not in possession of the bid file and were not responsible in giving me access to the Public Bid files in question. It was Attorneys Rouse, Russell and your position that even though your clients had received copies of letters sent to

Mental Health and Mental Retardations by Plaintiff questioning their handling of the Pest Control contracts, bidding of the contracts etc., that your clients had no legal responsibility or authority to respond to my letters because they were simply letters for informational purposes only. Attorney Albritton was not present to answer whether he would give me access to the files; Albritton represents Mental Health and Retardation who has possession of the Public Bid file in question and the Attorney General. Attorney Rouse had to leave before the meeting was over because he due to appear in Court.

I respectfully have to disagree that I agreed to a stay of discovery until the Court make a ruling on the Qualified Immunities before I would have access to the Public Bid file in question. Based on Attorneys Rouse, Russell and your legal opinions that your clients have no legal responsibility or authority pertaining to Plaintiff gaining access to the Public Bid files in question. It would be premature for the three of you to ask the Court for a ruling on Qualified Immunities concerning your clients Qualified Immunities until I have the access to the Public Bid files to see what information is or not in the bid file concerning your clients actions. Plaintiff for record want to make it clear he is asking for the complete bid file and this will not limited to the Requests for Production of Documents set in the Discovery Plan. Plaintiff have inserted a copy of the propose scheduling which I agree with the Parties and have hand written in the parts I do not agree to.

Sincerely,

*Curtis Duncan* 1-15-07

Curtis Duncan

Phone 334-467-6432

E-Mail cj_one@msm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 2:06CV884- |
| v. ) | MEF |
| ) | |
| BOB RILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to *Fed. R. Civ. P.* 26(f), and the Court's Order dated December 22, 2006, the parties have conferred and developed the following proposed discovery plan.

1. **Pre-Discovery Disclosures.** On or before February 12, 2007, the parties will exchange the information required by *Fed. R. Civ. P.* 26(a)(1).

2. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

Discovery will be need on the claims Plaintiff has asserted, Defendants' affirmative defenses, and the damages alleged to have been suffered by the Plaintiff. All discovery should be commenced in time to be completed by September 17, 2007.

**Interrogatories** (Responses due 30 days after service):
Both parties agreed to 25
Maximum of ~~30~~ interrogatories by each party to each party.

**Requests for Production of Documents** (Responses due 30 days after service):
Both parties agreed to 25
Maximum of ~~30~~ requests for production by each party to each party.

**Request for Admission** (Responses due 30 days after service):

175709.1

*Both parties agreed to 25*

Maximum of ~~30~~ requests for admissions by each party to each party.

*Plaintiff have 14 defendant named in suit, and more will be add based on discovery*

**Depositions** – Maximum of ~~10~~ depositions for each party. These depositions do not

*20 Deposition will be need by Plaintiff*

include expert depositions. Depositions shall be limited to a maximum of seven hours unless extended by agreement of the parties or by direction of the Court.

**Experts** – Reports from retained experts under *Fed. R. Civ. P.* 26(a)(2) due:

*Plaintiff requests* ~~April 14,~~ May 15, 2007
from Plaintiff:

*Plaintiff request* ~~May 15,~~ June 15, 2007
from Defendants:

Supplementation under *Fed. R. Civ. P.* 26(e)(1) is an ongoing and continues requirement but must be made no later than 30 days before the close of discovery.

3. **Other items:**

The parties request a final pretrial conference on or around October 1, 2007.

The deadline for the Plaintiff to join additional parties and to amend the pleadings is May 15, 2007, unless good cause is shown otherwise. The deadline for the Defendants to join additional parties and to amend the pleadings is May 30, 2007, unless good cause is shown otherwise.

All potentially dispositive motions will be filed by August 7, 2007.

The parties have discussed whether this action may be suitable for mediation under the Court's Alternative Dispute Resolution Plan. Until some discovery is conducted, the parties do not believe mediation would be productive. The parties will inform the Court when and if it appears that this case is suitable for mediation.

*Plaintiff request that parties will evaluate settlement possibilities*

At least 30 days prior to trial, the parties shall exchange a final list of witnesses and exhibits under *Fed. R. Civ. P.* 26(a)(3).

*on a continuing basis.*

2

*Plaintiff requests identification of Responsive parts to depositions should be due by September 29, 2005.*

The parties should have 14 days after service of final lists of witnesses and exhibits to identify and serve objections under *Fed. R. Civ. P.* 26(a)(3).

This case should be ready for trial during the term starting November 5, 2007. The parties anticipate that the trial of this matter should not exceed 4 days. *Plaintiff requests 5 days*

Respectfully submitted this ____ day of January, 2007.



Mr. Duncan: Attached is the Report of the Parties' Planning Meeting. This document resulted from the meeting held this morning. Please reply to Mr. Cater with regard to this document by no later than noon on Monday, January 15, 2007. Mr. Cater's email is richard.cater@finance.alabama.gov  Thank you.

Debbie Whitman
Secretary to Richard Cater

---

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

C&J ASSOCIATES PEST CONTROL,

      Plaintiff,

v.                                                   CV No. 2:06-
CV-00884-MEF

BOB RILEY, et al.,

      Defendants.

---

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to *Fed. R. Civ. P.* 26(f), and the Court's Order dated December 22, 2006, the parties have conferred and developed the following proposed discovery plan:

1.       **Pre-Discovery Disclosures:** On or before

in the following discovery plan will be applicable to this endeavor by the Plaintiff.

The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the claims Plaintiff has asserted, Defendants' affirmative defenses, and the damages alleged to have been suffered by the Plaintiff. All discovery should be commenced in time to be completed by September 17, 2007.

Interrogatories (Responses due 30 days after service):

Maximum of 25 interrogatories by each party to each party.

Requests for Production of Documents (Responses due 30 days after service):

February 12, 2007, the parties will

exchange the information required by *Fed. R. Civ. P.* 26(a)(1).

**Discovery Plan:** The parties agree to stay discovery pending a ruling on the qualified immunity issues that are before the Court.

Notwithstanding this agreement, the Plaintiff contends he is entitled to certain public

records relevant to the bid that is the subject of his lawsuit, pursuant to Public Record's Law.

The Defendants have no objection to the Plaintiff seeking those records by Request For

Production of Documents pending the Court's ruling on the qualified immunity issues. The

– Parties acknowledge that the limitation on Requests For Production of Documents set out in

    Maximum of 25 requests for production by each party to each party.

<u>Request for Admission</u> (Responses due 30 days after service):

    Maximum of 25 requests for admission by each party to each party.

<u>Depositions:</u>

Maximum of 10 depositions for each party. These depositions do not include

expert depositions. Depositions shall be limited to a maximum of seven (7) hours

unless extended by agreement of the parties or by direction of the Court.

<u>Experts:</u>

    Reports from retained experts under *Fed. R. Civ. P.* 26(a)(2) – –due:

  From Plaintiff:  April 14, 2007

  From Defendants:  May 15, 2007

  Supplementation under *Fed. R. Civ. P.* 26(e)(1) is an ongoing and continuing requirement but must be made no later than 30 days before the close of discovery.

**Other Items:** The parties request a final pretrial conference on or around October 1, 2007.

  The deadline for Plaintiff to join additional parties and to amend the pleadings is May 15, 2007, unless good cause is shown otherwise. The deadline for the Defendants to join additional parties and to amend the pleadings is May 30, 2007, unless good cause is shown

otherwise.

All potentially dispositive motions will be filed by August 7, 2007.

The parties have discussed whether this action may be suitable for mediation under the

Court's Alternative Dispute Resolution Plan. Until discovery is conducted the parties do

not believe mediation would be productive. The parties will inform the Court when and if it

appears this case is suitable for mediation.

At least 30 days prior to trial, the parties shall exchange a final list of witnesses and

exhibits under *Fed. R. Civ. P.* 26(a)(3).

The parties should have 14 days after service of final lists of witnesses and exhibits to

identify and serve objections under *Fed. R. Civ. P.* 26(a)(3).

This case should be ready for trial during the term starting November 5, 2007. The

parties anticipate that the trial of the matter should not exceed four (4) days.

Respectfully submitted this _____ day of January, 2007.