**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

ELEPHONE (334) 954-3600

January 17, 2006

# NOTICE OF CORRECTION

FROM:     Clerk's Office

Case Style:   C & J Associates Pest Control et al v. Riley et al

Case No.:   2:06cv00884-MEF
              Document 52 Attachment 1

This Notice of Correction was filed in the referenced case this date to enter Attachment 1 to Document 52 which was inadvertently omitted when e-filed. Document #52 has been corrected and a copy of Attachment 1 is attached to this Notice of Correction.



# C & J Pest Control

P.O. Box 8186 • Montgomery, AL • 36110 • 334.467.6432

From: Curtis Duncan

Sent: Monday January 15, 2007

To: Richard Cater

Subject: Report of the Parties Planning Meeting

Mr. Cater: This is my response to the document you sent me Friday at 4:31 January 12, 2007. There are a few things that I do not agree to in this document, but are very important to concerning the merits, issues of this case and the reason why I had to file this lawsuit. Attorneys Scott Rouse who represents the Governor, Robert Russell who represent the Agriculture Department, Robin Laurie who represents Knox Pest Control, and a person who represented your self until you arrived. Attorneys Ben Albritton who represents Mental Health and Retardations and the Attorney General and William Alverson who represent Bruce Alverson were not present. Attorney Laurie presented the proposed Defendants scheduling of the case and I presented my proposed scheduling of the case. It was Rouse, Russell, your representative and you, position that a motion will be submitted to the Court asking to limit the scope of the Discovery based on Qualified Immunities for State Officials.

I questioned whether this would have any effect in my ability to have access to the Public Bid files that I had already requested to see for over two years. Attorneys Rouse, Russell and you when you arrived stated that your clients were not in possession of the bid file and were not responsible in giving me access to the Public Bid files in question. It was Attorneys Rouse, Russell and your position that even though your clients had received copies of letters sent to

Mental Health and Mental Retardations by Plaintiff questioning their handling of the Pest Control contracts, bidding of the contracts etc., that your clients had no legal responsibility or authority to respond to my letters because they were simply letters for informational purposes only. Attorney Albritton was not present to answer whether he would give me access to the files; Albritton represents Mental Health and Retardation who has possession of the Public Bid file in question and the Attorney General. Attorney Rouse had to leave before the meeting was over because he due to appear in Court.

I respectfully have to disagree that I agreed to a stay of discovery until the Court make a ruling on the Qualified Immunities before I would have access to the Public Bid file in question. Based on Attorneys Rouse, Russell and your legal opinions that your clients have no legal responsibility or authority pertaining to Plaintiff gaining access to the Public Bid files in question. It would be premature for the three of you to ask the Court for a ruling on Qualified Immunities concerning your clients Qualified Immunities until I have the access to the Public Bid files to see what information is or not in the bid file concerning your clients actions. Plaintiff for record want to make it clear he is asking for the complete bid file and this will not limited to the Requests for Production of Documents set in the Discovery Plan. Plaintiff have inserted a copy of the propose scheduling which I agree with the Parties and have hand written in the parts I do not agree to.

Sincerely,

*Curtis Duncan* 1-15-07

Curtis Duncan

Phone 334-467-6432

E-Mail cj_one@msm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 2:06CV884- |
| v. ) | MEF |
| ) | |
| BOB RILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT OF PARTIES' PLANNING MEETING

Pursuant to *Fed. R. Civ. P.* 26(f), and the Court's Order dated December 22, 2006, the parties have conferred and developed the following proposed discovery plan.

1. **Pre-Discovery Disclosures.** On or before February 12, 2007, the parties will exchange the information required by *Fed. R. Civ. P.* 26(a)(1).

2. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

Discovery will be need on the claims Plaintiff has asserted, Defendants' affirmative defenses, and the damages alleged to have been suffered by the Plaintiff. All discovery should be commenced in time to be completed by September 17, 2007.

**Interrogatories** (Responses due 30 days after service):
Both parties agreed to 25
Maximum of ~~30~~ interrogatories by each party to each party.

**Requests for Production of Documents** (Responses due 30 days after service):
Both parties agreed to 25
Maximum of ~~30~~ requests for production by each party to each party.

**Request for Admission** (Responses due 30 days after service):

175709.1

*Both parties agreed to 25*

Maximum of ~~30~~ requests for admissions by each party to each party.

*Plaintiff have 14 defendant named in suit, and more will be add based on discovery*

**Depositions** – Maximum of ~~10~~ depositions for each party. These depositions do not

*20 Deposition will be need by Plaintiff*

include expert depositions. Depositions shall be limited to a maximum of seven hours unless extended by agreement of the parties or by direction of the Court.

**Experts** – Reports from retained experts under *Fed. R. Civ. P.* 26(a)(2) due:

*Plaintiff requests* ~~April~~ May 15, 2007
from Plaintiff:   ~~April 14, 2007~~

*Plaintiff request* ~~May~~ June 15, 2007
from Defendants:   ~~May 15, 2007~~

Supplementation under *Fed. R. Civ. P.* 26(e)(1) is an ongoing and continues requirement but must be made no later than 30 days before the close of discovery.

3.  **Other items:**

The parties request a final pretrial conference on or around October 1, 2007.

The deadline for the Plaintiff to join additional parties and to amend the pleadings is May 15, 2007, unless good cause is shown otherwise. The deadline for the Defendants to join additional parties and to amend the pleadings is May 30, 2007, unless good cause is shown otherwise.

All potentially dispositive motions will be filed by August 7, 2007.

The parties have discussed whether this action may be suitable for mediation under the Court's Alternative Dispute Resolution Plan. Until some discovery is conducted, the parties do not believe mediation would be productive. The parties will inform the Court when and if it appears that this case is suitable for mediation.

*Plaintiff request that parties will evaluate settlement possibilities*

At least 30 days prior to trial, the parties shall exchange a final list of witnesses and exhibits under *Fed. R. Civ. P.* 26(a)(3).

*on a continuing basis.*

2

*Plaintiff requests identification of responsive parts to depositions should be due by September 29, 2005.*

The parties should have 14 days after service of final lists of witnesses and exhibits to identify and serve objections under *Fed. R. Civ. P.* 26(a)(3).

This case should be ready for trial during the term starting November 5, 2007. The parties anticipate that the trial of this matter should not exceed 4 days. *Plaintiff requests 5 days*

Respectfully submitted this _____ day of January, 2007.



MSN Home | My MSN | Hotmail | Shopping | Money | Pe

msn Hotmail                    Home | Inbox | Compose |

cj_one@msn.com                                                Free

Reply | Reply All | Forward | × Delete | Junk | Put in Folder

| | |
|---|---|
| From : | Whitman, Debbie <Debbie.Whitman@finance.alabama.gov> |
| Sent : | Friday, January 12, 2007 4:31 PM |
| To : | <cj_one@msn.com> |
| CC : | "Cater, Richard" <Richard.Cater@finance.alabama.gov>, "Rouse, Scott" <Scott.Rouse@governor.alabama.gov>, "Russell, Robert" <Robert.Russell@agi.alabama.gov>, "Albritton, Ben" <BAlbritton@ago.state.al.us> |
| Subject : | Report of Planning Meeting |

Mr. Duncan: Attached is the Report of the Parties' Planning Meeting. This document resulted from the meeting held this morning. Please reply to Mr. Cater with regard to this document by no later than noon on Monday, January 15, 2007. Mr. Cater's email is richard.cater@finance.alabama.gov  Thank you.

Debbie Whitman
Secretary to Richard Cater

---

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

http://by115fd.bay115.hotmail.msn.com/cgi-bin/getmsg?msg=9B89ED3A-E1A8-4...   1/12/2007

NORTHERN DIVISION

C&J ASSOCIATES PEST CONTROL,

      Plaintiff,

v.                                                                      CV No. 2:06-
CV-00884-MEF

BOB RILEY, et al.,

      Defendants.

---

<u>REPORT OF PARTIES' PLANNING MEETING</u>

    Pursuant to *Fed. R. Civ. P.* 26(f), and the Court's Order dated December 22, 2006, the parties have conferred and developed the following proposed discovery plan:

    1.    **Pre-Discovery Disclosures:** On or before

in the following discovery plan will be applicable to this endeavor by the Plaintiff.

The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the claims Plaintiff has asserted, Defendants' affirmative

defenses, and the damages alleged to have been suffered by the Plaintiff. All discovery should

be commenced in time to be completed by September 17, 2007.

Interrogatories (Responses due 30 days after service):

Maximum of 25 interrogatories by each party to each party.

Requests for Production of Documents (Responses due 30 days after service):

February 12, 2007, the parties will

exchange the information required by *Fed. R. Civ. P.* 26(a)(1).

**Discovery Plan:** The parties agree to stay discovery pending a ruling on the qualified immunity issues that are before the Court.

Notwithstanding this agreement, the Plaintiff contends he is entitled to certain public

records relevant to the bid that is the subject of his lawsuit, pursuant to Public Record's Law.

The Defendants have no objection to the Plaintiff seeking those records by Request For

Production of Documents pending the Court's ruling on the qualified immunity issues. The

– Parties acknowledge that the limitation on Requests For Production of Documents set out in

Maximum of 25 requests for production by each party to each party.

Request for Admission (Responses due 30 days after service):

Maximum of 25 requests for admission by each party to each party.

Depositions:

Maximum of 10 depositions for each party. These depositions do not include

expert depositions. Depositions shall be limited to a maximum of seven (7) hours

unless extended by agreement of the parties or by direction of the Court.

Experts:

Reports from retained experts under *Fed. R. Civ. P.* 26(a)(2) - -due:

      From Plaintiff:        April 14, 2007

      From Defendants:     May 15, 2007

Supplementation under *Fed. R. Civ. P.* 26(e)(1) is an ongoing and continuing requirement but must be made no later than 30 days before the close of discovery.

**Other Items:** The parties request a final pretrial conference on or around October 1, 2007.

The deadline for Plaintiff to join additional parties and to amend the pleadings is May 15, 2007, unless good cause is shown otherwise. The deadline for the Defendants to join additional parties and to amend the pleadings is May 30, 2007, unless good cause is shown

otherwise.

All potentially dispositive motions will be filed by August 7, 2007.

The parties have discussed whether this action may be suitable for mediation under the

Court's Alternative Dispute Resolution Plan. Until discovery is conducted the parties do

not believe mediation would be productive. The parties will inform the Court when and if it

appears this case is suitable for mediation.

At least 30 days prior to trial, the parties shall exchange a final list of witnesses and

exhibits under *Fed. R. Civ. P.* 26(a)(3).

The parties should have 14 days after service of final lists of witnesses and exhibits to

identify and serve objections under *Fed. R. Civ. P.* 26(a)(3).

This case should be ready for trial during the term starting November 5, 2007. The

parties anticipate that the trial of the matter should not exceed four (4) days.

Respectfully submitted this _____ day of January, 2007.