IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C & J ASSOCIATES PEST CONTROL, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BOB RILEY, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION NO.:<br>2:06-CV-884-MEF |

### KNOX PEST CONTROL AND LINDA SHELTON'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Pursuant to the Court's Order (Doc. No. 36), Defendants Guardian Pest Service, Inc., d/b/a Knox Pest Control ("Knox"), and Linda Shelton (collectively, "Knox and Shelton") submit the following reply memorandum in further support of their Motion to Dismiss.

Each Defendant to this action filed a separate motion to dismiss, with most asserting at least some grounds for dismissal different than the others. Yet, instead of submitting a separate response to each motion, Plaintiff responded through one document which according to Plaintiff was intended to serve as a "global" opposition to all pending motions (Doc. No. 50). As to Knox and Shelton, Plaintiff's response is insufficient and non-responsive.

Simply stated, Defendants Knox and Shelton occupy a unique position in this litigation. With the possible exception of Bruce Alverson, they are the only named defendants, who are private, non-governmental parties. For this reason, Knox and Shelton have moved to dismiss Plaintiff's Constitutional and 42 U.S.C. 1983 claims on the grounds that neither could, nor did

.14

they act with state authority.[1] *See American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) (holding that "like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Paratt v. Taylor*, 451 U.S. 527, 535 (1981) (holding that to sustain a §§1983 claim, the defendant must have acted under color of state law when the acts resulting in the constitutional deprivation were committed), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Plaintiff's opposition does not respond to Knox and Shelton's arguments for dismissal on this ground.[2] Accordingly, Plaintiff's claims against Knox and Shelton brought under the Constitution and/or pursuant to 42 U.S.C. § 1983 fail as a matter of law, and are due to be dismissed.

Even if Knox and Shelton had the capacity to act with state authority, as discussed in detail in their motion to dismiss (Doc. Nos. 18, 19), Plaintiff's Complaint fails to allege even one act or omission from which it could be found that Knox and Shelton participated in any supposed wrongs against Plaintiff. Indeed, the only purported factual averments of the Complaint which even remotely relate to Knox and Shelton are Plaintiff's assertions that "Defendants knew that Plaintiff was more qualified than the other bidder and specifically Defendant Linda Shelton and Knox Pest Control because Plaintiff possessed a Lawns and Ornamental License .... [which]

---

[1]   Knox and Shelton also moved to dismiss Plaintiff's claims brought under the Alabama Competitive Bid Law on this ground. The Alabama Competitive Bid Law does not authorize a suit for damages against a private, non-governmental party, as Plaintiff has attempted to assert against Knox and Shelton in this case. *See Ala. Code* § 41-16-61; *Vinson Guard Service, Inc. v. Retirement Systems of Alabama*, 836 So. 2d 807, 810 (Ala. 2002) ("The provision for letting the contract to the lowest responsible bidder is for the benefit of the public and does not confer a bidder any right enforceable at law or in equity .... An unsuccessful bidder may not sue for monetary damages ... or recover bid preparation expenses").

[2]   The only claim of Plaintiff which does not have a "state action" requirement is his claim for tortious interference with business relations. However, as set forth in detail in Knox and Shelton's motion to dismiss, Plaintiff has simply failed to plead any facts which in any way support a tortious interference claim against Knox and Shelton.

2

Defendant Barton [sic] and Knox did not possess ....";  that "Defendant Bresseler fail[ed] to disqualify Knox Pest Control at the bid opening for not submitting a current License/Permit as required by the bid specifications"; and that "Defendants Shelton, Knox Pest Control ... were allowed to submit fraudulent document stating that Trinidad J. Villegas permit/license were current after the bid opening." *Compl.* (Doc. No. 1) ¶¶ 29, 34, 35. Clearly, these allegations alone do not in any way state a claim against Knox and/or Shelton under any of the causes of action asserted against them in the Complaint, whether based on the Constitution or not. Likewise, Plaintiff's 17 page opposition to the defendants' motions to dismiss fails to come forward with any additional facts or arguments which support a claim against Knox and Shelton. Accordingly, both Defendants respectfully submit that their motion to dismiss is not only meritorious but, in effect, it remains unchallenged by Plaintiff.

## CONCLUSION

Plaintiff has failed to state a claim against Knox and Shelton, private, non-governmental parties, for any claim under the Constitution and/or brought pursuant to 42 U.S.C. § 1983. Even if Knox and Shelton could be liable for such claims, Plaintiff has failed to allege facts which, if true, state a claim for any of the causes of action alleged against them. It is clear from Plaintiff's pleadings and argument that Knox and Shelton are nothing more than innocent bystanders in an apparent dispute between Plaintiff and various departments and officials of the State of Alabama. They do not belong in this litigation. Accordingly, Knox and Shelton respectfully request that the Court enter an order dismissing Defendants with prejudice.

/s G. Lane Knight
One of the Attorneys for Knox Pest Control and Linda Shelton

OF COUNSEL:

Robin G. Laurie (ASB-4217-U64R)
G. Lane Knight (ASB-6748-I72K)
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com
lknight@balch.com

William L. Tucker
PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.
1111 Bay Avenue, Third Floor, Synovus Centre
Columbus, Georgia  31901

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically, and I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants on this 19th day of January, 2007.

C&J Associates Pest Control
Mr. Curtis Duncan
P. O. Box 8186
Montgomery, Alabama 36110

*Pro Se*

Richard H. Cater, Esq.
State Finance Director's Office
State Capitol
N-105
600 Dexter Avenue
Montgomery, Alabama 36130

*Defendants Drayton Nabers, Jr. and James Main*

Robert J. Russell, Sr., Esq.
Department of Agriculture & Industries
P. O. Box 3336
1445 Federal Drive
81 Watson Circle
Montgomery, Alabama 36107

*Defendants John Bloch and Joe Debrow*

Scott Lee Rouse, Esq.
Office of the Governor
State Capitol
Suite NB-05
600 Dexter Avenue
Montgomery, Alabama 36130

*Defendant Governor Bob Riley*

Benjamin H. Albritton, Esq.
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130

*Defendants Troy King, Kathy Sawyer, Courtney Tarver, June Lynn, Judy Cobb and Ray Bressler*

William B. Alverson, Jr., Esq.
Albrittons, Clifton, Alverson, Moody & Bowden, P.C.
P. O. Drawer 880
Andalusia, Alabama 36420-0880

*Defendant Bruce Alverson*

Respectfully submitted,

/s G. Lane Knight
One of the Attorneys for Knox Pest Control
And Linda Shelton

OF COUNSEL:

Robin G. Laurie (ASB-4217-U64R)
G. Lane Knight (ASB-6748-I72K)
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, Alabama 36101
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
rlaurie@balch.com
lknight@balch.com


William L. Tucker
PAGE, SCRANTOM, SPROUSE, TUCKER & FORD, P.C.
Synovus Centre
1111 Bay Avenue, Third Floor
Columbus, Georgia  31901