IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

C&J ASSOCIATES PEST CONTROL,

    Plaintiff,

v.                                         CV No. 2:06-CV-00884-MEF

BOB RILEY, et al.,

    Defendants.

_____

**DEFENDANTS MAIN AND NABERS REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

COME NOW the Defendants, James Main and Drayton Nabers, sued in both their individual capacities and their official capacities, by and through the undersigned counsel, and respond to the Plaintiff's Opposition to Motion to Dismiss.

INTRODUCTION

The Plaintiff has inserted the caption "UNDISPUTED FACTS" in his pleading. These Defendants deny that all of the facts alleged by the Plaintiff are undisputed.

When condensed to its essence, the arguments presented in the Plaintiff's opposition to these Defendants' Motion To Dismiss are not sufficient to deny these Defendants the relief they are seeking. The Plaintiff devotes much ink and paper to his concerns with the alleged withholding of the bid documents, notwithstanding that this Court has denied his motion for an order compelling the production thereof. See Doc. 51. None of the Plaintiff's factual averments establish the involvement of these Defendants in the bid process, and no legal authority that he cites overcomes the legal authorities that support the position of these Defendants.

ARGUMENT

    I.    THE PLAINTIFF HAS NOT OVERCOME THE DEFICIENCIES OF HIS PLEADINGS WHICH CONTINUE TO FAIL TO STATE A CLAIM AGAINST DEFENDANTS MAIN AND NABERS

The Plaintiff's general assertions of wrongdoing by these Defendants continue to fail to meet the pleading standards for any cause of action, let alone a civil rights action. While it appears that the Plaintiff is relying on the doctrines of *respondeat superior*, that doctrine is not available to establish individual liability in a civil rights case. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). In such cases, it is required that <u>the Plaintiff state specific actions by each of these defendants that violated his civil rights.</u> See generally Gonzales v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). The Plaintiff has not met this obligation. Therefore, these Defendants are entitled to be dismissed from this lawsuit.

    II.    THE PLAINTIFF'S CLAIMS AGAINST THESE DEFENDANTS ARE BARRED BY THE STATUTE OF LIMITATIONS

The Plaintiff asserts that this lawsuit is not time barred because it was filed within two (2) years of the accrual of his rights. He declares that his cause of action arose October 1, 2004, when he was told by co-Defendant Ray Bressler that he had not been awarded the bid. As established by his own facts, the Plaintiff suspected that there was improper activity prior to October 1, 2004. This knowledge of improper activity gave the Plaintiff reason to know that he was injured (notwithstanding that he never tells us what injury was specifically caused by these Defendants) and therefore was the time his claim accrued. As this lawsuit was filed more than two (2) years after the Plaintiff's alleged injury, it is time barred and should be dismissed.

    III.    THE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MAIN AND NABERS IN THEIR RESPECTIVE OFFICIAL CAPACITIES SHOULD BE DISMISSED

Plaintiff now asserts that C&J is not suing these Defendants in their official capacities for monetary damages. See Plaintiff's Opposition to Motion to Dismiss, page 4. Such claims in the complaint are due to be dismissed.

    IV.    THE PLAINTIFF HAS NOT OVERCOME THE QUALIFIED AND STATE-AGENT IMMUNITY DEFENSES

In response to these Defendants' pleas of qualified immunity and state-agent immunity, the Plaintiff has failed to carry his pleading burden which mandates that he state both facts and legal authority which demonstrate that these defenses are not available. Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (Plaintiff has the burden to rebut a defendant's qualified immunity defense); Ryan v. Hayes, 831 So.2d 21, 27-28 (Ala. 2002) (the Plaintiff must demonstrate that a state agent is not immune). Consequently , these Defendants should have their Motion to Dismiss granted.

    V.    THE PLAINTIFF HAS FAILED TO ADDRESS DEFENDANTS MAIN AND NABERS' ARGUMENTS REGARDING HIS STATE-LAW CLAIMS

Plaintiff alleges violation of the State's competitive bid law and tortuous interference with the Plaintiff's business relationships, both state-law claims, and he seeks declaratory and injunctive relief. Defendants responded that these claims are nonjusticiable because these Defendants had no involvement with the competitive bid process. Defendants Main and Nabers further contend that the Plaintiff's claim for damages under the state competitive bid law is precluded as a matter of law under the rule in Crest Construction Corporation v. Shelby County Board of Education, 612 So.2d 425, 431-32 (Ala. 1992). The Plaintiff has not offered authority

3

to the contrary, thus waiving these claims.  Therefore the Plaintiff's state-law claims against Defendants Main and Nabers are due to be dismissed.

CONCLUSION

The foregoing considered, Defendants Main and Nabers move this Honorable Court to grant their Motion to Dismiss.

Respectfully submitted this 19th day of January, 2007.

**/s/ Richard H. Cater**

Richard H. Cater
Bar Number:  ASB-0782-C42R

ADDRESS OF COUNSEL:

State Capitol, Suite E-309
600 Dexter Avenue
Montgomery, Alabama  36104
Phone:  (334) 242-7160
Fax:  (334) 353-3300

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Scott L. Rouse, Esq.
Office of the Governor
State Capitol
600 Dexter Avenue
Montgomery, Alabama  36130

Benjamin Howard Albritton, Esq.
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama  36130

Robert Jackson Russell, Sr., Esq.
Department of Ag. & Industries
PO Box 3336
Montgomery, Alabama  36107

Robin Garrett Laurie, Esq.
Balch & Bingham
PO Box 78
Montgomery, Alabama  36101

William Leonard Tucker, Esq.
Page Scranton Sprouse
PO Box 1199
Columbus, Georgia  31902

Griffin Lane Knight, Esq.
Balch & Bingham
PO Box 78
Montgomery, Alabama  36101

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Curtis Duncan
C&J Associates Pest Control
P.O. Box 8186
Montgomery, Alabama 36110

Respectfully submitted,

**/s/ Richard H. Cater**
Richard H. Cater
Bar Number:  ASB-0782-C42R
State Capitol; Suite E-309
600 Dexter Avenue
Montgomery, Alabama  36104
Phone:  (334) 242-7160
Fax:  (334) 353-3300

5