**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-884-MEF |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| Defendants. ) | |

**GOVERNOR RILEY'S SUPPLEMENT TO REPLY
TO PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS**

COMES NOW Defendant Bob Riley, sued in both his individual capacity and his official capacity as Governor of Alabama, by and through the undersigned counsel, and submits the following supplement to his reply to the Plaintiff's opposition to the various Defendants' motions to dismiss:

1) On February 19, 2007, the Governor filed his reply to the Plaintiff's opposition to the Defendants' motions to dismiss. See Doc. 55. In his arguments, the Governor discussed the decision of the Alabama Supreme Court in Crest Constr. Corp. v. Shelby Co. Bd. of Educ., 612 So. 2d 425, 431-32 (Ala. 1992). The Governor also addressed the Plaintiff's apparent reliance on a decision rendered in Spring Hill Lighting & Supply Company, Inc. v. Square D Company, Inc. See Governor's Reply to Opp'n. to M. to Dismiss, p. 8 n.2. Upon reflection,

the undersigned believes that such argument was not altogether clear and, therefore, requires clarification.

2) In the Governor's argument, it is stated that the Plaintiff cannot rely on the <u>Spring Hill</u> case because it predates the decision in <u>Crest</u>. <u>See id.</u> This is true, but only to an extent. In his brief, the Plaintiff appears to invoke a *circuit court* decision in <u>Spring Hill</u>, inasmuch as he cites to a 1991 trial court civil action number rather than an appellate decision in that case. <u>See</u> Pl.'s Opp'n to M. to Dismiss, p. 9. Thus, to the extent the Plaintiff does, in fact, base his argument on a circuit court decision in <u>Spring Hill</u>, such cannot possibly affect the Governor's reliance on the decision of the Alabama Supreme Court in <u>Crest</u>.

3) As the Governor acknowledged in his brief, however, it is possible the *pro se* Plaintiff is actually attempting to invoke the *appellate* decision in <u>Spring Hill Lighting & Supply Company, Inc. v. Square D Company, Inc.</u>, 662 So. 2d 1141 (Ala. 1995). <u>See</u> Governor's Reply to Opp'n. to M. to Dismiss, p. 8 n.2. If this is so, such decision clearly does not predate the decision in <u>Crest</u>, and the Governor did not and does not intend to insinuate to the contrary.

4) Even if the Plaintiff does rely on the Alabama Supreme Court decision in <u>Spring Hill</u>, it is nonetheless unhelpful to the Plaintiff in the present lawsuit. In sum, what that decision holds is that the injunctive relief made available under the Competitive Bid Law does not necessarily preclude the

assertion of separate tort claims for wrongful conduct committed during the course of the bidding process. See 662 So. 2d at 1147-48. In the Plaintiff's case, however, the only separate tort that he alleges is an intentional interference claim in Count Seven, to which the Governor has separately responded.

5) In Count Six, the Plaintiff asserts a cause of action for damages *under the Competitive Bid Law itself*. Such is plainly precluded by Crest, and it is not allowed by Spring Hill. While Spring Hill leaves open the possibility that a disappointed bidder can separately maintain a claim for intentional torts inflicted during the bidding process, it is manifest that such tort claims must be separately asserted, as they are freestanding and not derivative of the Competitive Bid Law. What this means is that, unless and to the extent the Plaintiff separately asserts tort claims against the Governor, Spring Hill gives him no refuge from the Governor's motion to dismiss.

The undersigned is hopeful that these arguments better explain the position of the Governor regarding the efficacy of the Plaintiff's attempt to claim damages under the auspices of the Competitive Bid Law. As was stated in the Governor's previous filings, there remains no legal basis for either that claim or the remainder of the Plaintiff's claims in this action. Thus, Governor Riley requests that this Honorable Court enter a judgment in his favor dismissing all the Plaintiff's claims against him.

Done this 22nd day of January 2007.

            Respectfully submitted,

            **/s/ Scott L. Rouse**
            Scott L. Rouse
            Bar Number ASB-6905-S72S
            Deputy Legal Advisor
            Office of the Governor

<u>ADDRESS OF COUNSEL:</u>

Office of the Governor
State Capitol, Suite NB-05
600 Dexter Avenue
Montgomery, Alabama  36130
(334) 242-7120 Phone
(334) 242-2335 Fax
scott.rouse@governor.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following attorneys:

>Benjamin Howard Albritton
>Richard H. Cater
>Griffin Lane Knight
>Robin Garrett Laurie
>Robert Jackson Russell, Sr.
>William Leonard Tucker

I also hereby certify that I have mailed by United States Postal Service to the following:

>C&J Associates Pest Control
>c/o Curtis Duncan
>P.O. Box 8186
>Montgomery, AL 36110
>
>William B. Alverson, Jr.
>P.O. Box 880
>Andalusia, AL 36420

>                    /s/ Scott L. Rouse
>                    Scott L. Rouse
>                    Bar Number ASB-6905-S72S
>                    Deputy Legal Advisor
>                    Office of the Governor