IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| C&J ASSOCIATES PEST CONTROL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOB RILEY, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:06CV884-MEF<br>WO |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is Plaintiff's Motion for a Default Judgment against Defendants Bruce Alverson, Ray Bressler, Judy Cobb, June Lynn, Kathy Sawyer, Courtney Tarver (Doc. #35) and Troy King (See Doc. #37, #59). Upon consideration of the motion, the Magistrate Judge RECOMMENDS that the motion be DENIED.

**I.   BACKGROUND**

Plaintiff commenced this action on 1 October 2006 (Doc. #1). On 28 November 2006, Plaintiff filed a motion requesting that the Court issue a default judgment against Defendants Bruce Alverson, Ray Bressler, Judy Cobb, June Lynn, Kathy Sawyer, and Courtney Tarver (Doc. #35). Two days later, Plaintiff filed a "Motion for Correction to Add Troy King to the Motion for Default Judgment" (Doc. #37), which was granted on 26 January 2007 (Doc. #59).

Plaintiff argues that the Court should issue a default judgment against these Defendants because they filed their responsive pleading to the Complaint three days after

the prescribed time ordered by the Court (Doc. #35, #37).

Defendants Bressler, Cobb, King, Lynn, Sawyer, and Tarver collectively admit that they filed their responsive pleading late, but maintain that their action was inadvertent (Doc. #65). They explain that the Court granted these Defendants an extension of time to file their responsive pleading until 17 November 2006, but because counsel also represents King, whose deadline for filing a responsive pleading was 21 November 2006, counsel erroneously and accidentally placed the deadline on his calendar as 21 November 2006 (Doc. #65). Defendants further argue that Plaintiff does not dispute that King filed his responsive pleading timely (Doc. #65).

## II. DISCUSSION

"Judgments by default are a drastic remedy and should be resorted to only in extreme situations." Charlton L. Davis & Co. P.C. v. Fedder Data Ctr., 556 F.2d 308, 309 (5th Cir. 1977) (citing E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (1972)). The Court finds that this extreme remedy would not be appropriate here. On 27 October 2006, Defendants Bressler, Cobb, Lynn, Sawyer, and Tarver filed a motion requesting an extension of time to file their responsive pleading until 17 November 2006 (Doc. #16). Defendant King joined that motion, but also informed the Court that he had not been served properly with process (Doc. #16). The District Court granted their motion (Doc. #21). Service of process was effectuated on Defendant King on 1 November 2006, setting his responsive pleading deadline for 20 November 2006 (Doc. #23). Defendants

collectively filed their responsive pleading as Plaintiff maintains, on 20 November 2006 (Doc. #33). Nothing on the record indicates that Defendants intentionally disregarded this Court's order in filing their responsive pleading three-days late. Moreover, as Plaintiff concedes, Defendant Troy's responsive pleading was filed timely in accordance the deadline set by his service of process (Doc. #35) ("Defendant Troy King[']s response was filed on November 20, 2006[,] two days in advance of his due date."). Accordingly, the Court finds that the entry of a default judgment against Defendants Bressler, Cobb, King, Lynn, Sawyer, and Tarver is inappropriate. Cf. McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D. Fla. 1981) ("There is a strong public policy in favor of resolving lawsuits by a trial on the merits.") (citing Dolphin Plumbing Co. of Fla., Inc. v. Fin. Corp. of N. Am., 508 F.2d 1326 (5th Cir. 1975)).

With respect to Defendant Alverson, the Court denied Plaintiff's motion against him (Doc. #59), because, in light of a clerical error, Defendant Alverson, he did not receive notice of the Court's Order (Doc. #28) granting his Motion for Extension of Time to File an Answer in this case nor was counsel entered on his behalf (See Doc. #59). Defendant Alverson's delay also does not appear to result from an intentional disregard for the Court's Order (Doc. #28). Accordingly, the Court finds the extreme remedy of a default judgement against Defendant Alverson inappropriate in these circumstances. Cf. McKenzie v. Wakulla County, 89 F.R.D. 444 (N.D. Fla. 1981) ("There is a strong public policy in favor of resolving lawsuits by a trial on the merits.") (citing Dolphin Plumbing

Co. of Fla., Inc. v. Fin. Corp. of N. Am., 508 F.2d 1326 (5th Cir. 1975)).

Based on the foregoing, the Court concludes that Plaintiff's motion for default judgment, an extreme remedy, would not be appropriate here.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Default Judgment against Defendants Alverson, Bressler, Cobb, Lynn, Sawyer, Tarver (Doc. #35) and King (See Doc. #37, #59) be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of

business on September 30, 1981.

DONE this the 2nd day of February, 2007.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE