IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| C&J ASSOCIATES PEST CONTROL, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cv884-MEF |
| | ) | |
| BOB RILEY, et al., | ) | (WO- Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

C&J Associates Pest Control ("C&J"), a sole proprietorship owned and operated by Curtis Duncan ("Duncan") brought suit against numerous defendants pursuant to 28 U.S.C. § 1981, 1983, 1985, and 1986 seeking injunctive relief for alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution. C&J also asks for an award of the costs of this action and any other such relief to which he may be entitled, including monetary damages from defendants to the extent that they have been sued in their individual capacities. Doc. # 1 at ¶ 19. Every named defendant has moved to dismiss this action. *See* Doc. # 18, Doc. # 29, Doc. # 31, Doc. # 32, Doc. # 33, Doc. # 39, Doc. # 40, Doc. # 45.

On March 23, 2007, the Recommendation of the Magistrate Judge (Doc. # 70) was entered. In this Recommendation, the Magistrate Judge recommended granting all pending motions to dismiss. On April 26, 2007, Duncan filed Plaintiff's Objections to the Magistrate Judges's[sic] Recommendation (Doc. # 81). For the reasons below, Plaintiff's objections are

due to be overruled, and the Magistrate Judge's recommendation due to be is accepted in part and modified in part.

As an initial matter, the Court finds that the Plaintiff's objections to the Recommendation of the Magistrate Judge are wholly without merit and due to be overruled. Indeed, in nearly all respects, the Court is persuaded by the legal reasoning of the Magistrate Judge in the Recommendation, but writes this Memorandum Opinion to clarify the respect in which it disagrees with the Recommendation. This Court is of the opinion that the Magistrate Judge correctly determined that the case is due to be dismissed with prejudice by applying the appropriate legal standards.

## CLARIFICATION OF APPLICABLE LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 1965. It is not sufficient that the pleadings merely "le[ave] open

the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

When the Recommendation of the Magistrate Judge was made, the United States Supreme Court had not yet decided *Bell Atl. Corp. v. Twombly*. In deciding whether or not to adopt the Recommendation of the Magistrate Judge, the Court has considered the appropriateness of dismissal under the clarification of the standard for motions to dismiss announced in *Bell Atl. Corp. v. Twombly*.

## DISCUSSION

The Court does not agree with the Recommendation of the Magistrate Judge to the extent that it asserts that Plaintiff has conceded that he is only suing the state actor defendants in their individual capacities. *See* Doc. # 70 at n.2. The Complaint (Doc. # 1) clearly articulates claims against the state actor defendants in both their individual and their official capacities. In this Court's view, the Plaintiff has continued to urge its claims against these defendants in their official capacities, but acknowledges that it can only seek prospective injunctive relief against the state officials in their official capacities. This does not change

the result in this case because Plaintiff has failed to state a claim for which relief can be granted in the Complaint as to the claims under federal law. The Magistrate Judge correctly determined this and correctly applied the relevant legal authorities which make it plain that in such circumstances the motions to dismiss were due to be granted.

Accordingly, after an independent review of the entire file in this matter, it is the ORDER, JUDGMENT, and DECREE of the Court:

a.  That the Plaintiff's Objections to the Magistrate Judges's[sic] Recommendation filed by Plaintiff on April 26, 2007 (Doc. # 81), are OVERRULED;

b.  That the Recommendation of the Magistrate Judge (Doc. # 70) entered on March 23, 2007, is hereby MODIFIED as noted in this Memorandum Opinion and Order. In all other respects, the Recommendation of the Magistrate Judge (Doc. # 70) is ACCEPTED and hereby ADOPTED as the opinion of this Court;

c.  That with respect to all federal claims in the Complaint (Counts 1, 2, 3, 4, and 5) the pending motions to dismiss (Doc. # 18, Doc. # 29, Doc. # 31, Doc. # 32, Doc. # 33, Doc. # 39, Doc. # 40, and Doc. # 45) are GRANTED;

d.  That all federal claims in the Complaint (Counts 1, 2, 3, 4, and 5) are DISMISSED WITH PREJUDICE.

e.  That the Court declines to exercise supplemental jurisdiction over the state law

claims in Counts 6 and 7, which claims are DISMISSED WITHOUT PREJUDICE.

The Court will entered a separate final judgment consistent with this Order.

DONE this the 3rd day of March, 2008.

/s/ Mark E. Fuller<br>CHIEF UNITED STATES DISTRICT JUDGE